**UNITED STATES of America, Appellee,**

v.

**Paul D. JENKINS, Appellant.**

**No. 93–1241.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Oct. 21, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 4, 1994.

Barton R. Banks, Rapid City, argued, for appellant.

Steven D. Rich, Rapid City, argued (Kevin V. Schieffer and Steven D. Rich, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Paul D. Jenkins appeals his conviction on two counts of distributing LSD, a controlled substance, to persons under the age of twenty-one at the Boxelder Job Corps Service Center in Nemo, South Dakota. Jenkins asserts the district court committed reversible error in: (1) permitting rebuttal testimony concerning prior bad acts (sales of marijuana) under 404(b) of the Federal Rules of Evidence when the issue of intent did not exist in the cause as defendant specifically denied participation in the alleged LSD distributions; (2) admitting Jenkins' statements to law enforcement officers without the officers giving him Miranda warnings; and (3) denying the instruction on credibility witnesses requested by defendant.

On review of the record, we reverse and remand on the first issue.[1]

## I. BACKGROUND: Investigation and Preliminary Matters

The Boxelder Job Corps Service Center (the Center) is located near Nemo, South Dakota and operated through the United States Forest Service (USFS). On April 1, 1992, the Standards Officer at the Center contacted USFS officer Steve Ruppert concerning a student at the Center, Stephanie Young, who was found at 2:30 a.m. the night before walking around the Center exhibiting strange behavior. Young later told a counselor at the Center she had taken LSD. Officer Ruppert and a local drug enforcement agent interviewed Young, who said she had received the LSD from Jeremy Curnutte. Curnutte later told Officer Ruppert he had paid Jenkins $40 at the Center, of which $30 was for three hits of LSD (at $10 each) and $10 for a marijuana joint he had previously received from him. Another student, Gabriel Vigil, also told law enforcement officials that Jenkins had sold him a hit of LSD for $10.

The officers then drove to Hot Springs, South Dakota, where they found and interviewed Jenkins. After the officers told him they had information he was dealing drugs at the Center and that, if he agreed to serve as an informant, the government would let him plead to state charges and not bring federal drug charges, Jenkins admitted he had brought the LSD to the Center, stated he would cooperate and then agreed to meet with one of the officers the following morning.

Jenkins failed to show the next morning, leading federal officials, on June 18, 1992, to indict him on two counts of distribution of a controlled substance to a person under the age of twenty-one (sales to Curnutte and Gabriel Vigil), in violation of 21 U.S.C. §§ 841, 859.

Before trial, Jenkins brought a motion in limine to preclude the Government from introducing any evidence that he had previously sold marijuana. The district court granted the motion, and subsequently refused to allow the Government to make mention of the prior bad acts during either its opening statement or case-in-chief.

After both sides rested, the Government moved to recall Curnutte to the stand to rebut Jenkins' testimony that he had not sold other drugs in the past. The district court acquiesced, permitting Curnutte to testify to

---

1. The other issues lack merit. No Miranda warnings were required, as the record shows that the statements by defendant were voluntarily made when he was not under any arrest, nor in custody. Moreover, the district court amply instructed the jury on credibility of witness.

three prior purchases of marijuana from Jenkins at somewhat indefinite times.

In admitting the rebuttal testimony, the district court stated that under Fed.R.Evid. 404(b) and this court's ruling in *United States v. Dobynes*, 905 F.2d 1192 (8th Cir.), *cert. denied*, 498 U.S. 877, 111 S.Ct. 206, 112 L.Ed.2d 167 (1990), the evidence would be received to establish Jenkins' "intent" to distribute the LSD.

After a one-day trial, the jury returned a guilty verdict on both counts, and the district court later sentenced Jenkins to sixty-three months imprisonment.

Jenkins brought this timely appeal.

## II. THE TRIAL

The Government's case consisted of testimony from Ms. Young that she had received one packet or hit of LSD on March 30 from Curnutte. Curnutte, called as a government witness, stated he had purchased three hits of LSD from defendant Jenkins for $30 and that he gave one hit to Ms. Young.

After cross-examination of Curnutte, the Government asked for permission to bring out facts concerning defendant's prior marijuana sales to Curnutte because Curnutte had been accused of fabricating a story to law enforcement officer Ruppert. This evidence, as we have already observed, had been earlier excluded by the district court's order in response to the defense's motion in limine.

Jenkins asserted he had not sought to establish any inconsistency between Curnutte's statement and his testimony.

The district court rejected the offer of proof, noting that no prior notice had been given to defendant under Rule 404(b). However, the district court stated, "I may permit it on rebuttal. I will see how this case

develops and how defense's theory proceeds." (Tr. at 38.)

Gabriel Vigil testified Jenkins had sold him a hit of LSD for $10 on March 30, 1992. Because the validity of the testimony of Curnutte and Vigil received vigorous attack on cross-examination, the district court permitted bolstering of that testimony by law enforcement personnel presenting evidence of Curnutte's and Vigil's prior consistent statements to them.

Jenkins took the stand in his own defense and denied any involvement in drug sales to Curnutte and Vigil and stated he felt "railroaded" during his interview with the officers.

On cross-examination, the Government asked Jenkins whether he had sold drugs of any kind to anyone else. Jenkins answered, "No, I have not." (Tr. at 103.) The additional question to Jenkins and his answer were as follows:

Q. When you were testifying just now, you were giving pretty detailed statements and you seemed to be very assertive. I guess why didn't you just tell the police officers that you never sold any drugs to anybody and that was totally untrue?

A. Well, when they had sold me—when they had me in the police station questioning me, they never asked if I had done it. They simply stated that they knew I had. I didn't feel that anything that I had to say would be listened to.

(Tr. at 103–104.)

At the close of defendant's case, the prosecutor requested permission to call Curnutte in rebuttal to testify concerning other drug sales Jenkins had made to Curnutte in the indefinite past. The offer was made under Federal Rule of Evidence 404(b).[2] After

2. Federal Rule of Evidence 404 reads:
  (a) **Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
    (1) **Character of accused.** Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

    (2) **Character of victim.** Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

briefly considering the offer as possible impeachment, the district court considered, among other things, the indefiniteness of time and the possibility of undue prejudice and made its ruling strictly on 404(b) grounds, stating:

> Accordingly, the defendant's intent and his knowledge concerning the delivery of the LSD for which he is charged is highly relevant and this testimony becomes highly relevant on the issue of his intent and his knowledge.

(Tr. at 123.)

Thereafter, Curnutte testified that he had purchased a joint of marijuana from Jenkins for $10 two weeks to a month earlier (which he paid for on March 30, 1992) and that he had obtained two joints before that at a time he could only identify as "I don't know, three or four months ago.... Yeah, I think [in 1992]." (Tr. at 128.)

Before admitting the testimony, the district court instructed the jury that Curnutte's testimony bore on, and should only be considered for purposes of establishing, Jenkins' intent and knowledge with respect to the charges in the case.

## III. DISCUSSION

This case is not governed by *United States v. Dobynes*, 905 F.2d 1192 (8th Cir.), *cert. denied*, 498 U.S. 877, 111 S.Ct. 206, 112 L.Ed.2d 167 (1990), a drug possession case where the other crimes or wrongs or acts evidence surfaced in the government's case "to counter [the defendant's] mere presence defense." *Id.* at 1195. Unlike in *Dobynes*, the Government in this case introduced its rebuttal evidence after the defense had clearly rested on an absolute denial of any participation in the charged crimes.

■ This case presents an issue of first impression in the Eighth Circuit. The other circuits are split on the issue. The Second Circuit holds that there is no issue of intent where the defendant claims he did not do the charged act at all, rather than simply asserting he did it either innocently or mistakenly. That circuit enunciated its well-established rule in *United States v. Ortiz*, 857 F.2d 900 (2d Cir.1988), *cert. denied*, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989):

> This Court has held, however, that a defendant may completely forestall the admission of other act evidence on the issue of intent by
>
> > express[ing] a decision not to dispute that issue with sufficient clarity that the trial court will be justified (a) in sustaining objection to any subsequent cross-examination or jury argument that seeks to raise the issue and (b) in charging the jury that if they find all the other elements established beyond a reasonable doubt, they can resolve the issue against the defendant because it is not disputed.
>
> *United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir.1980). *See also United States v. Mohel*, 604 F.2d 748, 753–54 (2d Cir. 1979). Moreover, intent is not placed in issue by a defense that the defendant did not do the charged act at all. *See United States v. Manafzadeh*, 592 F.2d 81, 87 (2d Cir.1979); *United States v. O'Connor*, 580 F.2d 38, 41 (2d Cir.1978). When a defendant unequivocally relies on such a defense, evidence of other acts is not admissible for the purpose of proving intent. *See Figueroa*, 618 F.2d at 940–41; *Mohel*, 604 F.2d at 753; *Manafzadeh*, 592 F.2d at 87.

*Id.* at 903–04.

Although the court in *Figueroa* found no error in the trial court's rulings concerning the parties' final summations, its analysis supported its long standing ruling that 404(b) evidence of other crimes, wrongs or acts

---

**(3) Character of witness.** Evidence of the character of a witness, as provided in rules 607, 608, and 609.

**(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, prepara-

tion, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

cannot be admitted when the defense is that defendant did not do the act.

The Second Circuit again applied this rule in reversing a drug conviction for the erroneous introduction of other crimes evidence when the defendant denied any participation in the drug transaction. *United States v. Colon,* 880 F.2d 650 (2d Cir.1989).

Other circuits apply a similar rule. The Ninth Circuit most recently held in *United States v. Palmer,* 990 F.2d 490 (9th Cir.1993), that a defendant's post-arraignment statement, indicating past involvement in distributing marijuana, was not admissible under Fed.R.Evid. 404(b) in the Government's prosecution against defendant for manufacturing marijuana plants, when the defendant's theory was that he had just moved on the property and did not in any way participate in growing marijuana. *Accord United States v. Powell,* 587 F.2d 443, 448 (9th Cir.1978); *see also United States v. Silva,* 580 F.2d 144, 147–48 (5th Cir.1978) (defendant who denies participation in an act raises no discrete issue of intent and if the act is proven the intent will usually be inferred).

The Seventh Circuit expresses a contrary view. In *United States v. Mazzanti,* 888 F.2d 1165, 1171 (7th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2167, 109 L.Ed.2d 497 (1990), the court ruled a defendant's blanket denial of wrongdoing negates intent and the government on rebuttal may challenge denial and introduce other crimes evidence to establish intent. The Fourth Circuit in *United States v. Hernandez,* 975 F.2d 1035, 1040 (4th Cir.1992) adopts a modified approach, indicating that other crimes evidence is not automatically inadmissible to prove intent when the defendant unequivocally denies committing the acts charged in the indictment. The Fourth Circuit explains that relevance, necessity and reliability of the testimony must be addressed in each case. The Eleventh Circuit in *United States v. Russo,* 717 F.2d 545, 552 (11th Cir.1983) has stated that although a defendant may take "affirmative steps to remove the issue [of intent] from the case, such as [enter into] a stipulation ... [a] mere denial of participation" in a crime does not suffice.

■ Federal courts must "interpret the legislatively-enacted Federal Rules of Evidence as we would any statute." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* —— U.S. ——, ——, 113 S.Ct. 2786, 2793, 125 L.Ed.2d 469 (1993). The interpretation of the rule adopted by the Second and Ninth Circuits accords with the plain language of Rule 404, which clearly makes inadmissible the evidence of other crimes, wrongs or acts to prove character. The first sentence of Rule 404(b) again emphasizes that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Because Jenkins testified unequivocally that he did not commit the acts charged against him, the rebuttal testimony clearly brought defendant's prior bad character to the forefront to infer that having sold drugs on three prior occasions, he undoubtedly sold drugs on the two occasions charged in the indictment.

Moreover, the application of the rule of the Second and Ninth Circuits will lead to more consistent results in the courts than the modified approach of the Fourth Circuit.

Thus, in agreement with decisions in the Second and Ninth Circuits, we reject such character evidence in the circumstances of this case as contrary to the precepts of Federal Rules of Evidence 404(a) and 404(b).

In addition to *Dobynes,* the Government cites us to *United States v. Longbehn,* 898 F.2d 635, 639 (8th Cir.), *cert. denied,* 495 U.S. 952, 498 U.S. 877, 110 S.Ct. 2217, 111 S.Ct. 208, 109 L.Ed. 542, 112 L.Ed.2d 168 (1990). This case is not apropos. The other crimes evidence was challenged on relevancy grounds as being too remote to the conspiracy, not on grounds the defendant had not participated in the conspiracy. Moreover, the court considered the questioned evidence as harmless, in light of other testimony.

■ The Government asserts, without elaboration, that the rebuttal testimony was not so prejudicial as to justify reversal and a new trial. The testimony of Stephanie Young did not identify Jenkins as the source of the LSD. Curnutte and Vigil both testi-

fied that they had bought hits of LSD from Jenkins. Jenkins vigorously denied that he had sold the LSD. The officers' approach to Jenkins was that they had received information he had distributed LSD and offered state rather than federal prosecution. Jenkins later referred to the approach as one of being railroaded. The rebuttal testimony on the marijuana sales came at the end of the trial and was the evidence freshest in the mind of the jury when they retired to deliberate.

The argument of the assistant district attorney made four direct references to marijuana sales and one indirect reference to earlier drug dealing. (Tr. at 143–4, 145.) Under these circumstances, we cannot conclude that the rebuttal testimony describing the marijuana transactions was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1966); *cf. U.S. v. Turner*, 966 F.2d 440, 492–3 (8th Cir.1992).

Accordingly, we reverse and remand for a new trial.