**UNITED STATES of America, Appellant,**

v.

**Ronald Wayne THOMAS, Appellee.**

**No. 95–1029.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1995.

Decided July 5, 1995.

---

Linda Lipe, Asst. U.S. Atty., Little Rock, AR, argued, for appellant.

James Massie, Little Rock, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Under Federal Rule of Evidence 404(b), evidence of prior bad acts is not admissible when introduced solely to support a propensity inference. However, prior bad acts evidence is admissible when used to prove a state of mind that is a material issue at trial. In *United States v. Jenkins,* 7 F.3d 803, 806 (8th Cir.1993), we held that evidence of prior bad acts is inadmissible whenever the defendant removes any material issue concerning state of mind by "express[ing] a decision not to dispute that issue with sufficient clarity." We conclude that Thomas has not expressed with sufficient clarity a decision not to dispute state of mind because his "mere presence" defense denied the existence of a state of mind that is an element of the charged offense. Thus, admission of the evidence of prior bad acts was not error and the district court's grant of a new trial to remedy this perceived error was an abuse of discretion.

## I. BACKGROUND

The facts giving rise to this appeal are disputed; however, a jury could have found the following: On October 27, 1992, detectives from the Pulaski County Sheriff's Office Narcotics Division went to Apartment 26–B, Brentwood Apartments in Little Rock, Arkansas, to execute an arrest warrant for Ronald Wayne Thomas. When the detectives arrived, they were met by Thomas's cousin, who directed them to the rear of the apartment. As the detectives moved through the apartment, one of them heard the sound of a toilet flushing and the sound of the ceramic lid of the toilet's water tank being replaced. Thomas was discovered standing in a bathroom off a hallway leading to the master bedroom, which was in the rear of the apartment. He was arrested and advised of his *Miranda* rights. He was also advised of his rights under the Fourth Amendment. Thomas verbally consented to a search of the apartment, and later executed a written consent form. During the search, a small amount of "crack" cocaine was seized, as were numerous drug-related items. Thomas was taken into custody, but the original warrant was not executed because Thomas agreed to cooperate with the detectives.

Thomas subsequently refused to cooperate, and on December 15, 1993, he was charged in a one-count indictment with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). After he unsuccessfully attempted to exclude evidence derived from the October 27 search, Thomas stood trial before a jury on the charge of possession with intent to distribute cocaine. At the suppression hearing, Thomas put forward a "mere presence" defense. He maintained that the apartment was not his and that he had no knowledge of the presence of crack in the apartment; he claimed merely to have been present at the wrong place at the wrong time.

Thomas's defense remained consistent until closing argument. At a pretrial conference, Thomas was informed that if he denied the entire episode, Rule 404(b) evidence would be inadmissible, but if he merely denied identity or state of mind, the evidence would be admissible. After a discussion of the possible defenses and their ramifications for the admissibility of the Rule 404(b) evidence, the following exchange occurred:

[GOVERNMENT]: ... [t]here's never been any allegation until this point in the case that the ... dope was planted.

MR. MASSIE [counsel for Thomas]: That's been our allegation if he didn't know anything about the dope.... If it was planted or if it came from someplace else, we don't know.

. . . .

THE COURT: You're not going to have any evidence that the dope was planted, you're just going to ask the jury to draw an inference.

. . . .

COURT: Yes. So, your defense is going to be, Mr. Massie, that [Thomas] did not have any knowledge about the dope being there, that his theory is that [the Pulaski County detectives] are trying to get him to cooperate and rat on his friends, so to speak?

MR. MASSIE: To [get at] his knowledge, and [to force him to] rat on his friends, to get them to make purchases and make him make phone calls, whatever.

I Trial Tr. at 10–11. Upon learning of this defense, the government notified Thomas of its intention to introduce evidence of Thomas's prior bad acts.[1] The government was given leave to introduce the Rule 404(b) evidence.

Immediately prior to the introduction of the Rule 404(b) evidence during the government's case-in-chief, the following exchange occurred:

[GOVERNMENT]: May I make ... one thing clear because I think the Eighth Circuit has said is if the defense is the— the whole just thing didn't happen then 404(b) is not applicable. It's my understanding of the defense is [sic] that the things happened at the apartment but he didn't know the cocaine was there. It's not that the whole fabric of the government's case is a fiction about them going to the apartment that day and the defendant being there.

MR. MASSIE: Yes.

[GOVERNMENT]: Okay.

II Trial Tr. at 29. The government then introduced the Rule 404(b) evidence and the jury was repeatedly cautioned about the limited purpose for which the Rule 404(b) evidence could be used.

Thomas's case-in-chief consisted largely of evidence intended to demonstrate that Thomas did not control the apartment. Thomas also took the stand and denied any knowledge that crack cocaine was in the apartment. Although Thomas consistently denied knowledge of the presence of the cocaine, his theory of defense shifted in closing argument. In closing, Thomas argued that the government fabricated the case by planting the cocaine. This argument was inconsistent with his earlier descriptions of his defense as a mere presence defense,[2] and is also inconsistent with his subsequent description of his defense on appeal.[3]

■ The jury found Thomas guilty of the charged offense. Thomas moved for a new trial, claiming that his defense was that he "at all times denied that cocaine was in the

1. This prior bad acts evidence consisted of three incidents. On June 16, 1992, Thomas was overheard discussing a drug transaction. On June 17, 1992, Thomas was found driving a car containing an ounce of cocaine. On August 31, 1992, a confidential informant purchased cocaine from Thomas in the Brentwood apartment.

2. A mere presence defense, unlike an "I was framed" defense, does not challenge the presence of the controlled substance.

3. "In our case at bar, the appellee's defense was that he had no knowledge that the contraband was in the apartment nor was he shown the alleged contraband and his arrest was all part and parcel of a campaign to make him cooperate in investigating others." Appellee's Br. at 3.

residence that he occupied, and therefore intent was not a relevant issue to be proved by use of 404(b)." The district court granted Thomas a new trial, concluding that the evidence of prior bad acts was improperly admitted. The government timely appeals.

## II. DISCUSSION

**A. Evidence of prior bad acts is admissible unless the defendant expresses with sufficient clarity a decision not to dispute state of mind.**

 We review the district court's decision whether to grant a new trial for "clear abuse of discretion." *United States v. Turk,* 21 F.3d 309, 312 (8th Cir.1994). A discretionary decision that is premised upon an erroneous interpretation of the law is an abuse of discretion. *Waible v. McDonald's Corp.,* 935 F.2d 924, 926 (8th Cir.1991).

We begin with the applicable legal rule. Rule 404(b) provides:

> **(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

This circuit has taken the view that Rule 404(b) is a rule of inclusion that precludes admission of evidence when that evidence is relevant *solely* to the defendant's character. *United States v. Wiley,* 29 F.3d 345, 350 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 522, 130 L.Ed.2d 427 (1994). The permissible uses of other bad acts evidence may be categorized as involving either state of mind or identity. *Compare* 8th Cir.Model Crim. Jury Instr. 2.08 (1994) (acts introduced to prove state of mind) *with* 8th Cir.Model Crim.Jury Instr. 2.09 (1994) (acts introduced to prove identity).[4]

We have consistently held that Rule 404(b) evidence is admissible in the government's

case-in-chief when the defendant places his state of mind in issue, even if state of mind is placed in issue by means of a general denial defense. *See, e.g., United States v. Miller,* 974 F.2d 953, 960 (8th Cir.1992); *United States v. Yellow,* 18 F.3d 1438 (8th Cir.1994). In *United States v. Dobynes,* 905 F.2d 1192 (8th Cir.), *cert. denied,* 498 U.S. 877, 111 S.Ct. 206, 112 L.Ed.2d 167 (1990), we applied this analysis to the "mere presence" defense, concluding that because such a defense raises issues of knowledge and intent, Rule 404(b) evidence is admissible when such a defense is used. However, we recently recognized that when the defendant denies only the criminal act, he does not place his state of mind in issue, and therefore Rule 404(b) renders this type of evidence inadmissible. *Jenkins,* 7 F.3d at 806.

In *Jenkins,* we noted that the issue whether a denial of the criminal act placed mental state in issue was one of first impression in this circuit.[5] We turned to our sister circuits for guidance, and after examining the various approaches employed by the Second, Fourth, Seventh, Ninth and Eleventh Circuits, we adopted the procedure followed by the Second and Ninth Circuits. *Jenkins* explains that the test for determining whether a defense consists solely of a denial of the criminal act rather than a denial of the criminal intent is whether the defendant:

> express[es] a decision not to dispute that issue with sufficient clarity that the trial court will be justified (a) in sustaining objection to any subsequent cross-examination or jury argument that seeks to raise the issue and (b) in charging the jury that if they find all the other elements established beyond a reasonable doubt, they can resolve the issue against the defendant because it is not disputed.

*Id.* (quoting *United States v. Figueroa,* 618 F.2d 934, 942 (2d Cir.1980)).

 *Jenkins* sets a stringent test that the defendant must meet in order to remove the issue of intent. Under Rule 611(b), the

---

4. Although our discussion is limited to the use of prior bad acts evidence to prove state of mind under Rule 404(b), similar principles apply to the use of this type of evidence to prove identity.

5. In *Jenkins,* the defendant was prosecuted for distributing LSD. The defense was a denial that any sale ever occurred.

scope of cross-examination is very broad. An objection would be proper only where the questioning goes beyond "the subject matter of the direct examination and matters affecting the credibility of the witness." Similarly, argument is not improper if it does not go outside the record. *United States v. Felix*, 867 F.2d 1068 (8th Cir.1989). Thus, this first criterion cannot be satisfied if the defendant introduces evidence concerning mental state. Moreover, the second criterion requires a complete lack of dispute. The defendant may not make any argument concerning mental state and must unambiguously indicate that mental state is not in dispute. He may do this either affirmatively by stipulation, *see Jenkins*, 7 F.3d at 807, or negatively, by carefully and clearly limiting the scope of his defense so as not to raise any issue concerning mental state. Once any evidence or argument concerning mental state is introduced, evidence of prior bad acts becomes admissible. Our subsequent cases make clear that the "mere presence" defense put forward by Thomas does not satisfy the test established by *Jenkins*.

In *United States v. Mihm*, 13 F.3d 1200 (8th Cir.1994), the defendant was arrested as he descended from a roof on which 1684 marijuana plants were growing. He was charged with conspiracy to manufacture marijuana. Mihm raised a "mere presence" defense, and the government sought to introduce evidence of a harvested marijuana patch that was found on Mihm's aunt's property. Mihm objected, arguing that Rule 404(b) precluded the admission of this evidence. We rejected this argument and held that Rule 404(b) permitted introduction of this evidence because it was relevant to the knowledge and intent issues raised by Mihm's "mere presence" defense. *Id.* at 1205.

Similarly, in *United States v. Wiley*, the defendant was stopped for a traffic violation and arrested when the rental car he was driving was found to contain a loaded handgun and a bag of crack cocaine. Wiley claimed that someone had borrowed the car without permission, and that he had recovered the car (and its contents) shortly before he was stopped. The government sought to introduce an earlier drug-related arrest. Noting the similarities to *Mihm*, we held that evidence of the earlier arrest was admissible under Rule 404(b) to refute the knowledge and intent issues raised by Wiley's "mere presence" defense. *Wiley*, 29 F.3d at 350–51.

In *United States v. Crouch*, 46 F.3d 871 (8th Cir.1995), Crouch was convicted of conspiracy to commit armed robbery based on his participation in a gun sale. Crouch generally denied that the gun sale took place, and the government introduced evidence in its case-in-chief of prior illegal gun sales by Crouch. We held that the admission of this evidence was proper, and distinguished *Jenkins* as involving a more limited denial. *Id.* at 875.

The lesson of these cases is clear. When a defendant raises the issue of mental state, whether by a "mere presence" defense that specifically challenges the mental element of the government's case or by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue. *Jenkins* merely stands for the unremarkable proposition that Rule 404(b) evidence is not admissible when the defense is circumscribed with "sufficient clarity" to avoid raising the issue of mental state. Thomas's "mere presence" defense falls squarely within the *Dobynes* category rather than the *Jenkins* category.

**B. Thomas's "mere presence" defense created a material issue concerning state of mind and thus rendered evidence of prior bad acts admissible.**

█ Thomas was charged with violating 21 U.S.C. § 841(a)(1) by possessing with intent to distribute cocaine. In order to sustain such a conviction, the government must prove three essential elements:

1. The defendant was in possession of cocaine;

2. The defendant knew he was in possession of cocaine; and

3. The defendant intended to distribute some or all of the cocaine.

*See* 8th Cir. Model Crim.Jury Instr. 6.21.841A (1994). Where, as here, the pos-

session is constructive, rather than actual, proof of the first element (possession) requires proof that: 1(a) the defendant intended to exercise dominion over the cocaine; 1(b) the defendant had the power to exercise dominion over the cocaine; and 1(c) the defendant knew that he had the power to exercise dominion over the cocaine. *United States v. Henneberry,* 719 F.2d 941, 945 (8th Cir.1983), *cert. denied,* 465 U.S. 1107, 104 S.Ct. 1612, 80 L.Ed.2d 141 (1984).

Thomas's "mere presence" defense was two-pronged. First, Thomas argued and produced evidence intended to demonstrate that rather than controlling the apartment, he was merely present in it. This aspect of the defense attacked element 1(b) of the government's case. If Thomas did not exercise dominion over the apartment (or at least the portion of the apartment in which the cocaine was found), he lacked the power to exercise dominion over the cocaine. Thomas's "mere presence" defense entails more than a simple denial of control of the premises.

Thomas testified, and his lawyer argued, that he did not know that the cocaine was present in the apartment. Thomas's denial of knowledge is a direct challenge to element 2, and is an indirect challenge to elements 1(a) and 3. Because Thomas's "mere presence" defense raises these issues of intent and knowledge, admission of the prior bad acts evidence was not relevant solely to a propensity inference, and was therefore proper under Rule 404(b). The district court abused its discretion when it granted a new trial based on an erroneous view of the requirements of Rule 404(b).

### III. CONCLUSION

■ *Jenkins* established a high threshold for the exclusion of prior bad acts evidence under Rule 404(b). Rule 404(b) requires exclusion of this evidence only if the defendant expresses with "sufficient clarity" a decision not to dispute the issue of state of mind. We interpret "sufficient clarity" to require a clear and unequivocal decision (*e.g.,* a stipulation) that if the criminal act is proven, the necessary state of mind may be inferred. Because Thomas's two-pronged "mere pres-

ence" defense falls woefully short of this threshold, the district court's application of a more lenient standard resulting in a new trial was an exercise of discretion premised upon an erroneous view of the law, and therefore was an abuse of that discretion. Accordingly, we reverse the district court's order of a new trial and remand for entry of judgment on the jury's verdict.