_____

No. 95-4109

_____

United States of America,          *
                                    *
     Plaintiff - Appellee,          *
                                    *
     v.                             *
                                    *
Andre N. Moore,                     *
                                    *
     Defendant - Appellant.         *

_____

          No. 95-4143              Appeals from the United States
          _____             District Court for the
                                   District of Nebraska.
United States of America,          *
                                    *
     Plaintiff - Appellee,          *
                                    *
     v.                             *
                                    *
Larry Jones,                        *
                                    *
     Defendant - Appellant.         *

_____

          Submitted:  May 13, 1996

             Filed:  October 10, 1996

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Andre N. Moore and Larry Jones appeal their convictions and sentences for possession with intent to distribute more than fifty grams of cocaine base within one thousand feet of a school zone in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  The principal

issue on appeal is whether the district court[1] erred by admitting evidence of Moore's prior conviction and Jones's prior arrest for cocaine offenses. We affirm.

## I. Sufficiency of the Evidence.

Jones and Moore were tried together and neither testified. On appeal, each argues that the evidence was insufficient to sustain his conviction. To frame this issue, we will briefly summarize the government's evidence at trial.

On June 13, 1994, two confidential informants advised Omaha police that three African-American men were distributing crack cocaine from the Excel Inn in Omaha. One informant stated that the men would soon leave the Inn in a dark blue Oldsmobile Cutlass and would return with crack cocaine. Acting on this tip, Sergeant Mark Langan began surveillance. At 9:15 p.m., he observed three African-American men exit the Inn and depart in a dark blue Oldsmobile Cutlass. At 10:00 p.m., the men returned in the Cutlass and were stopped by Omaha police officers in the Inn's parking lot. As the officers approached the vehicle, one noticed a passenger insert his hands between the rear seat cushions. Jones was the owner and driver of the car. Moore was the rear seat passenger.

All three men consented to a search of their persons and the car. Police found a three-gram rock of crack cocaine in the space between the rear seat cushions. They found that Jones was carrying $900 and Moore $600, all in twenty dollar bills, a common unit of exchange for crack distribution. Jones was also carrying a mobile pager, a device commonly used by drug traffickers. Moore gave conflicting explanations when police found that he had a key to Room 216 of the Excel Inn.

---

[1]The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska.

When a drug-sniffing dog later "alerted" outside the door to Room 216, police obtained a search warrant. In that room, they found twenty-nine ounces of crack cocaine and drug paraphernalia suggesting crack cocaine distribution. Clothes found in the room suggested two occupants the size of Jones and Moore. Several of Jones's personal documents were found, including a Los Angeles County food stamp identification card, his birth certificate, and his motor vehicle registration.

At trial, the defense argued that Jones and Moore were found at the wrong place at the wrong time -- their friends were the guilty parties. The jury convicted them of the three counts charged in the indictment. We will reverse for insufficient evidence only if a reasonable fact-finder must have a reasonable doubt about an essential element of the offense. See United States v. Buchanan, 985 F.2d 1372, 1376 (8th Cir. 1993), cert. denied, 114 S. Ct. 2727 (1994). Jones and Moore argue that the government failed to link them to the evidence of drug trafficking found in Room 216. However, the evidence viewed in the light most favorable to the government is sufficient to sustain both convictions.

## II. Admission of Rule 404(b) Evidence.

Jones and Moore argue that the district court erred by admitting evidence of Jones's 1994 arrest for possession of fifty grams of crack cocaine, and Moore's 1987 conviction for possession with intent to distribute cocaine. At trial, the government argued that this evidence was admissible under Rule 404(b) of the Federal Rules of Evidence for the purpose of showing defendants' intent and knowledge with respect to the crimes charged. Defendants argued that intent and knowledge were not in issue because they absolutely denied committing the crimes charged. However, this contention was undermined by the following colloquy:

THE COURT: One of the instructions, of course, that the jury will be getting is there are different kinds of possession. There is constructive possession and actual possession, and the jury is going to be asked to determine whether or not Mr. Jones was in possession of crack cocaine with intent to distribute.

Now, if the jury finds that he was in constructive possession of cocaine, are you telling me that you are agreeable that I can instruct the jury that if they find that, then they can find that he intended to distribute it?

MS. SISON [counsel for Jones]: No, your honor. I wouldn't be agreeable to that.

The court concluded that evidence of Jones's prior arrest, as well as Moore's 1987 conviction, were admissible on the issues of intent and knowledge, and it instructed the jury that this evidence was only to be considered for that purpose.

Rule 404(b) provides that evidence of prior bad acts is admissible if relevant to prove enumerated elements such as intent and knowledge, but not "solely to prove the defendant's criminal disposition." United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). Rule 404(b) is a rule of inclusion committed to the broad discretion of the trial court; its general parameters have been articulated by this court in numerous decisions. See, e.g., United States v. Perkins, No. 95-3880, slip op. at 8-10 (8th Cir. Aug. 23, 1996).

Many of this court's prior decisions support the district court's conclusion that evidence of prior drug offenses may be relevant to the issue of a defendant's intent to commit a later drug offense. See, e.g., United States v. Miller, 974 F.2d 953, 960 (8th Cir. 1992). However, relying upon United States v. Jenkins, 7 F.3d 803 (8th Cir. 1993), Jones and Moore argue that intent was not at issue in this case; therefore, the Rule 404(b) evidence was admitted solely to prove their criminal disposition

-4-

and was unfairly prejudicial within the meaning of Rule 403 of the Federal Rules of Evidence.

In <u>Jenkins</u>, we held that Rule 404(b) evidence was not admissible in rebuttal when the defendant had taken the stand and "testified unequivocally that he did not commit the acts charged against him," thereby taking the issue of intent out of the case. 7 F.3d at 807. In <u>United States v. Thomas</u>, 58 F.3d 1318, 1321-22 (8th Cir. 1995), we further clarified the <u>Jenkins</u> decision:

> <u>Jenkins</u> sets a stringent test that the defendant must meet in order to remove the issue of intent. . . . The defendant may not make any argument concerning mental state and must unambiguously indicate that mental state is not in dispute. He may do this either affirmatively by stipulation, <u>see</u> <u>Jenkins</u>, 7 F.3d at 807, or negatively, by carefully and clearly limiting the scope of his defense so as not to raise any issue concerning mental state. Once any evidence or argument concerning mental state is introduced, evidence of prior bad acts becomes admissible.

Jones and Moore did not satisfy the stringent <u>Jenkins</u> test. Jones put forward a "mere presence" defense, not an absolute denial under <u>Jenkins</u>. Jones did not dispute that he had been in Room 216, where overwhelming evidence of drug trafficking was found; the defense was that he had gone out with friends and innocently left personal documents in Room 216 for safekeeping. We have repeatedly held that Rule 404(b) evidence is relevant to refute a "mere presence" defense. <u>See</u> <u>Thomas</u>, 58 F.3d at 1323; <u>United States v. Dobynes</u>, 905 F.2d 1192, 1195 (8th Cir.), <u>cert. denied</u>, 498 U.S. 877 (1990). Moreover, Jones's counsel was unwilling to stipulate intent out of the case, as <u>Thomas</u> requires. Similarly, Moore's counsel in opening statement argued that Moore was simply "the wrong man at the wrong time at the wrong place." Like "mere presence," that defense puts intent at issue and opens the door to the admission of relevant Rule 404(b) evidence. <u>See</u> <u>United States v. Mihm</u>, 13 F.3d 1200, 1205 (8th Cir. 1994). Thus, the district

court did not abuse its discretion in admitting Rule 404(b) evidence on the issue of intent.

Moore also argues that his seven-year-old prior conviction was too remote to be admissible as Rule 404(b) evidence. Proximity in time is one factor in determining the relevance of a prior conviction, but "there is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent." United States v. Burkett, 821 F.2d 1306, 1309 (8th Cir. 1987). In drug cases, we have upheld the admission of evidence of similar prior crimes that occurred five and six years before the crime charged. See Shoffner, 71 F.3d at 1433; United States v. Wint, 974 F.2d 961, 967 (8th Cir. 1992), cert. denied, 506 U.S. 1062 (1993). In this case, given the similarity of the prior offense and the crime charged, the district court did not abuse its broad discretion in determining that Moore's prior conviction was relevant Rule 404(b) evidence.

### III. A Fourth Amendment Issue.

When Jones and Moore returned to the Excel Inn parking lot in the Oldsmobile Cutlass, police surrounded the car, detained its occupants, and obtained consents to search. At trial, Moore and Jones moved for the first time to suppress all evidence resulting from these consensual searches (and the later search of Room 216) on the ground that the initial stop violated their Fourth Amendment rights. The district court denied that motion, concluding that Jones and Moore had waived the issue by failing to make a pretrial motion to suppress, as required by Fed. R. Crim. P. 12(b)(3). See Buchanan, 985 F.2d at 1380.

On appeal, Moore and Jones argue that the district court erred in refusing to grant relief from their Rule 12(b)(3) waiver "for cause shown," as authorized by Rule 12(f). They argue there was good cause for their tardy motions because they had no basis for a

-6-

suppression motion until Sergeant Langan testified at trial that he ordered the initial stop based upon his surveillance, not because of a traffic violation, as written police reports had suggested. However, as the district court noted in denying their motions, Jones and Moore were personally present during the stop they now challenge. When a defendant is "personally aware of the police action which led to their acquisition of the evidence, he is responsible for informing counsel of those facts, and a `communications gap' in that regard will not be recognized as good cause." United States v. Ricco, 52 F.3d 58, 62 (4th Cir.) (quotation omitted), cert. denied, 116 S. Ct. 254 (1995). Therefore, the district court did not abuse its discretion in denying defendants' untimely motions to suppress.

Alternatively, Moore and Jones urge us to ignore their waiver and review this issue "in the interest of justice." We decline to do so. Given the information police obtained from the confidential informants and their surveillance of the Cutlass, given the consents to search the car and its occupants after the initial stop, and given the warrant later obtained to search Room 216, there was no plain error in admitting into evidence the fruits of these investigative activities. See United States v. Young, 470 U.S. 1, 15 (1985) (plain-error exception must be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result") (quotation omitted).

Likewise, we reject Moore's contention that the district court should have suppressed statements he made during the initial stop, prior to being given Miranda warnings. Moore waived this issue by not filing a timely motion to suppress. See United States v. Udey, 748 F.2d 1231, 1240 (8th Cir. 1984), cert. denied, 472 U.S. 1017 (1985). There was no plain error because police may normally question without Miranda warnings during an investigative stop. See United States v. Willis, 967 F.2d 1220, 1224 (8th Cir. 1992).

## IV. A Sentencing Issue.

Moore and Jones argue that the district court erred in concluding it could not depart downward under U.S.S.G. § 5K2.0 on the ground that the United States Sentencing Commission has urged Congress to eliminate the statutory sentencing disparity between crack and powder cocaine. We expressly rejected this contention in United States v. Higgs, concluding that "this is not a basis on which a court may rely to impose a sentence outside of the applicable Guidelines range." 72 F.3d 69, 70 (8th Cir. 1995) (quotation omitted).

The judgments of the district court are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-