United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1482
_____

United States of America,   *
                            *
    Plaintiff - Appellee,    *
                            *  Appeal from the United
States
    v.                       *  District Court for the
                            *  Southern District of
Iowa.
Timothy Wayne Spence,        *
                            *
    Defendant - Appellant.   *

_____

Submitted:   June 12, 1997
   Filed:   October 9, 1997

_____

Before LOKEN, REAVLEY,[*] and JOHN R. GIBSON, Circuit
    Judges.

_____

LOKEN, Circuit Judge.

    Timothy Wayne Spence appeals his conviction and
seventy-month sentence for possession of marijuana with
intent to distribute in violation of 21 U.S.C. §

_____

[*]The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge
for    the Fifth Circuit, sitting by designation.

841(a)(1).  He argues there was insufficient evidence to convict and that the district court[1] erred

---

[1]The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.

when it admitted evidence of his prior arrest for possession of marijuana and then used that prior drug quantity in calculating his base offense level for sentencing.  We affirm.

1. Sufficiency of the Evidence.  Spence argues that the evidence was insufficient to sustain his conviction.  We summarize that evidence in the light most favorable to the government.  After agreeing to cooperate with government investigators, Patrick Hartman arranged to buy forty-five pounds of marijuana from his supplier, David Forsythe.  On May 21, 1996, Forsythe called Hartman and said that he was in Room 169 at a Holiday Inn near the Des Moines airport, a room that Spence had rented under another name.  At 6:45 p.m., Spence left the hotel in a blue Oldsmobile.  DEA agents followed the car to a shopping center two miles away, where Spence made a call from a pay phone, sat in his car for one hour, and then returned to the hotel.  During this time, Forsythe called Hartman and said he was waiting for his driver.

At 8:45 p.m., DEA agents executed a warrant to search the hotel room.  They found thirty-seven one-pound bags of marijuana and a total of nineteen kilograms of marijuana in the hotel room and Spence hiding in the unlit bathroom.  Spence denied knowing anyone in the hotel room, denied driving the Oldsmobile to the hotel, and said he had left the hotel earlier to avoid being involved.  Claiming knowledge of the federal sentencing guidelines, Spence also asked the agents why they were interested in him because the maximum sentence for the quantity of marijuana found in the hotel room was only two years.

We reverse a conviction on the ground of insufficient evidence only if a "reasonable fact-finder must have a reasonable doubt about an essential element of the offense." United States v. Moore, 98 F.3d 347, 349 (8th Cir. 1996). We conclude the evidence in this case is more than sufficient to sustain Spence's conviction.

2. The Rule 404(b) Issue. In December 1995, a government informant delivered a motor home containing some 250 pounds of marijuana to Spence at a truck stop near

Chicago. When Spence drove away in the motor home, police stopped the vehicle and arrested Spence, at which time he made incriminating admissions such as, "If you think all that pot was for me, you are wrong." At Spence's Illinois home, police found marijuana wrappings similar to those in the motor home. A telephone analysis later showed four October 1995 calls between Spence's Illinois number and Forsythe's Kansas City number.

Before trial, Spence moved to exclude evidence of this Illinois arrest. The government responded that the evidence was admissible as part of the charged conspiracy between Spence and Forsythe (a count on which the jury ultimately failed to reach a verdict), or as evidence of other crimes admissible under Rule 404(b) of the Federal Rules of Evidence. The district court deferred ruling on the admissibility of this evidence until the government had introduced its other evidence at trial. At that point, the court admitted the above-summarized evidence under Rule 404(b).

(a) On appeal, Spence first argues that the district court erred in deferring its ruling until the middle of trial, precluding him from attempting to defuse this prejudicial evidence during voir dire and opening statements. Spence did not raise this objection with the district court, and he cites no authority supporting his contention on appeal. District courts may defer ruling on pretrial motions "for good cause." Fed. R. Crim. P. 12(e). The district court reasonably concluded that it should hear the government's other evidence before deciding whether the Illinois arrest was evidence of conduct in furtherance of the alleged conspiracy between Spence and Forsythe. Thus, deferring its ruling was

neither plain error nor an abuse of the court's discretion.  See United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994).

(b)  Spence next argues that evidence of the Illinois arrest was not admissible under Rule 404(b).  The district court ruled that this evidence was relevant to show Spence's knowledge and intent to distribute marijuana.  Relying upon United States v. Jenkins, 7 F.3d 803 (8th Cir. 1993), Spence argues that knowledge and intent were not

at issue because he asserted a "mere presence" defense that effectively conceded knowledge that Forsythe intended to distribute the marijuana found in the hotel room.

In <u>Jenkins</u>, we held that Rule 404(b) rebuttal evidence was inadmissible because the defendant "testified unequivocally that he did not commit the acts charged against him," thus removing intent as an issue in the case. 7 F.3d at 807. We have subsequently construed <u>Jenkins</u> as a narrow exception to Rule 404(b) admissibility, applicable only if a defendant "unambiguously indicate[s] that mental state is not in dispute." <u>Moore</u>, 98 F.3d at 350, quoting <u>United States v. Thomas</u>, 58 F.3d 1318, 1322 (8th Cir. 1995).[2] Spence falls far short of meeting this rigorous standard. He made no offer to stipulate intent out of the case, and his so-called unequivocal concession was, at most, an inference that he knew Forsythe had the requisite intent

---

[2]In <u>United States v. Crowder</u>, 87 F.3d 1405, 1409-10 (D.C. Cir. 1996), the court followed <u>Jenkins</u> and <u>Thomas</u> in ruling evidence of prior drug trafficking inadmissible under Rule 404(b), but acknowledged a conflict in the circuits on this issue. The government petitioned for a writ of certiorari, raising the question whether a defendant may foreclose Rule 404(b) evidence relevant to intent by stipulating to that element of the offense at issue. <u>See</u> 65 U.S.L.W. 3327 (U.S. Oct. 29, 1997) (No. 96-548). The Supreme Court summarily reversed and remanded "for further consideration in light of <u>Old Chief v. United States</u>, 519 U.S. ---, 117 S.Ct. 644, 136 L.Ed. 2d 574 (1997)." <u>United States v. Crowder</u>, 117 S. Ct. 760 (1997). In <u>Old Chief</u>, the Court's holding was limited to an unrelated issue, <u>see</u> 117 S. Ct. at 651 n.7, but its opinion observed that "the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense." <u>Id.</u> at 654. This observation, coupled with the remand in <u>Crowder</u>, may signal that our <u>Jenkins</u> decision has been overruled, but that is an issue we leave for another day.

to distribute that could be drawn from his statements to the arresting officers.  That "concession" left Spence's own knowledge and intent at issue, and evidence of the Illinois arrest was relevant to those issues.  In general, Rule 404(b) evidence is relevant

to refute a "mere presence" defense.   <u>See</u> <u>Moore</u>, 98 F.3d at 350.  The district court did not abuse its discretion in admitting such evidence in this case.

3. <u>The Relevant Conduct Issue.</u>  Finally, Spence argues that the district court erred in including the marijuana seized at the time of his Illinois arrest in the drug quantity that established his base offense level for sentencing purposes.  The Sentencing Guidelines define the conduct that is relevant to sentencing more broadly than the offense of conviction.  <u>See</u> <u>United States v. Galloway</u>, 976 F.2d 414, 419 (8th Cir. 1992) (en banc).  Relevant conduct includes acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2); <u>see</u> <u>United States v. Watts</u>, 117 S. Ct. 633, 635-36 (1997).  In determining base offense level for a drug trafficking offense, the district court may consider as relevant conduct "quantities of drugs not specified in the count of conviction."  U.S.S.G. § 2D1.1, comment. (n.12).  Whether additional, uncharged drug trafficking is part of the "same course of conduct" as the offense of conviction is a fact-intensive question reflecting the traditional role of the sentencing court to consider a defendant's past criminal behavior.  The question turns on factors such as "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses."  U.S.S.G. § 1B1.3, comment. (n.9(B)); <u>see</u> <u>United States v. Lawrence</u>, 915 F.2d 402, 407 (8th Cir. 1990).[3]

_____

[3]Section 1B1.3 as initially promulgated expressly commented that relevant conduct for sentencing purposes should include other crimes evidence admissible

In this case, Spence's Presentence Investigation Report included as relevant conduct the 127 kilograms of marijuana seized at the time of his Illinois arrest. Spence filed a timely objection, and the issue was then argued extensively at his sentencing

---

under Rule 404(b). See U.S.S.G. App. C, amend. 3. However, that comment was too broad because some conduct admissible under Rule 404(b) would clearly fall outside the concepts of "same course of conduct" and "common scheme or plan."

hearing. Based upon the evidence at trial, the district court found that the December 1995 Illinois arrest was part of the same course of conduct as the offense of conviction because the two incidents occurred within a few months and involved distribution quantities of the same drug. This finding is not clearly erroneous, particularly considering that the government presented evidence of October 1995 telephone calls between Spence and Forsythe which suggested continuing involvement by Forsythe in Spence's drug trafficking activities. See United States v. Nichols, 986 F.2d 1199, 1206-07 (8th Cir. 1993); United States v. Gooden, 892 F.2d 725, 728-29 (8th Cir. 1989). Thus, the evidence of continuous drug activity comprising a single course of conduct is far stronger in this case than it was in United States v. Lewis, 987 F.2d 1349, 1356 (8th Cir. 1993), or United States v. Montoya, 952 F.2d 226, 228-29 (8th Cir. 1991), cases in which the purported relevant conduct involved different drugs, different conduct, and different people.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-