# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2203

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Stanley Nathaniel King, | * | [Unpublished] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 2, 1999
Filed: July 6, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Stanley Nathaniel King challenges the sentence imposed on him by the district court[1] after he pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924. We affirm.

For reversal, King first argues that the district court erred in applying a 1-level increase to his Guidelines base offense level for a third firearm involved in uncharged

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

conduct reported in the presentence report (PSR).  See U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (1998) (1-level increase for offenses involving 3-4 firearms). However, King did not challenge the PSR's recitation of the facts or object at sentencing to the district court's reliance on those facts, cf. United States v. Rodamaker, 56 F.3d 898, 902 (8th Cir. 1995) (district court allowed to draw inferences from facts in PSR without holding evidentiary hearing where objections related to inferences and not to facts as reported by PSR), and the district court did not clearly err in concluding that King's uncharged possession of a handgun should be considered as relevant conduct.  King had been repeatedly arrested with a loaded handgun over a period of three years, and King himself argued that the anxiety brought on by his posttraumatic stress disorder (PTSD) compels him to keep a gun and motivated his possession in each of three separate instances.  See U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) & comment. (n.9(B)) (1998); United States v. Spence, 125 F.3d 1192, 1195 (8th Cir. 1997) (standard of review), cert. denied, 118 S. Ct. 1544 (1998); United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995) (district court must consider all relevant conduct in determining sentence, "whether uncharged, charged, or charged and dismissed").

King also challenges the district court's denial of his motion for a downward departure based on his PTSD.  See U.S. Sentencing Guidelines Manual § 5K2.13, p.s. (1997) (departures for diminished capacity).  That decision, however, is unreviewable because the district court recognized its authority to depart, and found this was not an appropriate case for departure.  See United States v. Jones, 145 F.3d 959, 964-65 (8th Cir.) (discretionary decision not to grant U.S.S.G. § 5K2.13 departure motion is unreviewable), cert. denied, 119 S. Ct. 457 (1998).

Accordingly we affirm.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.