# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2625

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Timothy Wayne Spence, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  April 20, 1999

Filed:  August 11, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

On May 21, 1996, DEA agents found nineteen kilograms of marijuana in a Des Moines hotel room and Timothy Wayne Spence hiding in the bathroom.  Spence was convicted of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and we affirmed.  See United States v. Spence, 125 F.3d 1192 (8th Cir. 1997), cert. denied, 118 S. Ct. 1544 (1998).  He now appeals the district court[1] order denying his motion for post-conviction relief under 28 U.S.C. § 2255.  The issue on

_____

[1]The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.

appeal is whether his trial attorneys provided ineffective assistance when they failed to move to suppress evidence uncovered during an allegedly invalid warrant search of his home following a prior arrest for possessing marijuana in Illinois. We affirm.

In December 1995, an informant delivered marijuana to Spence at a truck stop near Chicago. Police arrested Spence in a motor home containing the marijuana and then executed a warrant to search his Illinois home, where they found marijuana wrappings similar to those in the motor home. Before trial in this case, Spence moved to exclude all evidence resulting from this Illinois arrest as inadmissible under Rule 404(b) of the Federal Rules of Evidence. His written motion disclosed that "[d]efendant is still awaiting trial in Illinois . . . . and there is presently pending a motion to suppress the search of [his home] as conducted pursuant to an invalid anticipatory warrant." When the district court took up this motion to exclude before the start of trial, defense counsel again referred to the alleged defect in the Illinois warrant:

> THE COURT: So after . . . his arrest, they obtained a search warrant and they searched his home . . . right?
>
> MR. PAFF [the prosecutor]: That's right.
>
> *   *   *   *   *
>
> THE COURT: Okay. And there's been no motion to suppress that evidence in this case, correct? In this case.
>
> MR. BROWN [local counsel for Spence]: Has not been filed, no.
>
> THE COURT: Do you want to say something, Mr. Ettinger?
>
> MR. ETTINGER [Illinois counsel for Spence]: Judge, the search warrant for Mr. Spence's house was an anticipatory search warrant, the condition being that the marijuana from the house trailer was supposed to

be delivered to Spence at his house.  Based on that condition, then they could execute the search warrant.  I've got a copy of the search warrant.  That never happened.

* * * * *

THE COURT:  You've challenged it in Illinois?

MR. ETTINGER:  Yes, it's an anticipatory search warrant.  I mean, it's not even close, in my opinion.

* * * * *

THE COURT:  . . . but  you do have a motion filed in Illinois to suppress the results of the search of the house?

MR. ETTINGER:  Just the house, Judge, not the motor home.

THE COURT:  Okay.  That's not been heard yet?

MR. ETTINGER:  No.  They made me an offer I didn't want to refuse, so they told me if I went ahead on motions, and then this happened.

THE COURT:  At any rate, no motion has been filed here to suppress that, right?

MR. BROWN:  That's right.

Returning to the Rule 404(b) motion to exclude, the court deferred ruling until the government introduced its other evidence at trial.   At the close of the government's other evidence, the court ruled that evidence from the search of Spence's Illinois home would be admissible under Rule 404(b), a ruling we affirmed on direct appeal.  After the court made this ruling, the anticipatory warrant issue was again briefly discussed outside the jury's presence:

-3-

MR. PAFF: . . . my understanding is [defense counsel] want to preserve their ability to challenge the warrant on the house. . . .

THE COURT: Let me ask this: You say [preserve] their ability . . . to challenge the warrant. There's not anything we do here that would affect their ability to challenge the warrant in the Illinois state proceeding, is there?

MR. BROWN: No, Your Honor. But we think it's a foundational defect if the warrant was deficient under federal law as well. Whether I filed a motion or not, I think it's a foundational matter that the Court is going to have to address.

THE COURT: What do you mean foundational matter? If you don't move to suppress in advance of trial, I don't understand that I've got an obligation to . . . conduct a suppression . . . in the middle of a trial.

MR. BROWN: That's what we're going to be asking for if they offer that evidence.

THE COURT: You've known for quite a while that they had this evidence.

MR. BROWN: About ten days.

THE COURT: And you never came in and asked for fast pretrial.

MR. BROWN: I did not. No. I did not.

When trial resumed, one of the Illinois police officers who searched Spence's home identified the evidence of marijuana trafficking uncovered during that search and testified without objection that the search was conducted pursuant to a search warrant. On cross examination, the officer testified that Illinois charges arising out of Spence's arrest and the search of his home had not yet been tried.

-4-

On appeal, Spence argues trial counsel provided ineffective assistance because the search of his Illinois home was based upon an invalid anticipatory warrant, counsel were deficient in not filing a timely motion to suppress that evidence in this case, and there is a reasonable probability the outcome of the trial would have been different had this prejudicial evidence of prior marijuana trafficking been excluded.

After careful review of the record, we conclude Spence failed to prove that trial counsel's performance was constitutionally deficient. The above-quoted portions of the trial transcript in this case reveal that defense counsel reviewed the allegedly invalid anticipatory warrant, determined its validity was subject to challenge, and filed a motion to suppress in the Illinois case. When advised of those facts, the district court verified that no motion to suppress had been filed in this case and invited defense counsel to advise of any ruling on the motion filed in the Illinois case. The record on this § 2255 motion contains neither the allegedly invalid warrant nor evidence as to the outcome of Spence's motion to suppress in the Illinois criminal case. Without that evidence, Spence's assertion that a motion to suppress attacking the warrant in this case would have succeeded is sheer speculation. Indeed, it is far more likely that defense counsel failed to suppress evidence from the warrant search in Illinois and then concluded any motion to suppress in this case would be futile. In any event, absent concrete proof that a motion to suppress the fruits of the Illinois warrant search would have been granted, Spence's motion for § 2255 relief was properly denied.

The district court's May 20, 1998, Order of Dismissal is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-