# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2760

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  District Court for the Western |
| Salvador Rubinet, also known as | *  District of Missouri. |
| Salvador Rubinet-Pilotage, also known | * |
| as Richard Iznaga, also known as | *         [UNPUBLISHED] |
| Salvador Flores Rodriguez, | * |
| | * |
| Appellant. | * |

_____

Submitted:  November 16, 1999

Filed:  November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Raising four arguments, Salvador Rubinet appeals his jury conviction for aiding and abetting possession with intent to distribute cocaine. We have carefully reviewed Rubinet's arguments and reject them all. First, the district court did not abuse its discretion in refusing to consider Rubinet's untimely motion to suppress. See Fed. R. Crim. P. 12(f), (b)(3); United States v. Looking, 156 F.3d 803, 809-10 (8th Cir. 1998). The district court considered Rubinet's reason for the untimely filing and concluded it

did not establish cause excusing the tardiness. Contrary to Rubinet's view, no hearing was necessary. Second, the district court did not abuse its discretion in admitting evidence of Rubinet's past drug convictions because the evidence showed Rubinet's knowledge and intent with respect to a cocaine-filled Express Mail package, which Rubinet retrieved from his accomplice's apartment in the presence of police officers. See United States v. Moore, 98 F.3d 347, 350 (8th Cir. 1996) (admitting drug convictions as earlier bad acts under Fed. R. Evid. 404(b)). Rubinet asserts his intent was not in issue at trial because he made a general denial of the crime, but Rubinet did not remove the intent issue affirmatively or by stipulation as required to avoid admission of earlier bad acts. See id. Third, the district court did not abuse its discretion in admitting evidence that Rubinet had over $3000 cash on his person when he was arrested because the evidence showed Rubinet's intent to distribute cocaine. See United States v. Thompson, 925 F.2d 234, 237 (8th Cir. 1991). Fourth, the evidence was more than sufficient to convict Rubinet of aiding and abetting the possession with intent to distribute cocaine. Rubinet's accomplice testified the cocaine belonged to Rubinet and Rubinet arranged for the accomplice to stay home from work to receive the cocaine at his apartment. Rubinet's retrieval of the cocaine and possession of an Express Mail label found in his car corroborated the accomplice's testimony. We thus affirm Rubinet's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

2