Rosemary FRANK, et al., Plaintiffs,

v.

COUNTY OF HUDSON,
et al., Defendants.

Civil Action No. 93–4703.

United States District Court,
D. New Jersey.

Jan. 16, 1996.

As Corrected May 1, 1996.

D. Gayle Loftis, Hackensack, NJ, for Plaintiffs.

Robert E. Margulies, Sanford Browde, Margulies, Wind, Herrington & Knopf, Jer-

sey City, NJ, for Defendant Edmond Monti in his individual capacity.

## OPINION

WOLIN, District Judge.

This appeal presents the Court with an opportunity to apply, for the first time in a sexual harassment and discrimination action, newly enacted Federal Rule of Evidence ("FRE") 415 to a proffer of evidence that a defendant committed prior uncharged acts of sexual assault. While this Court can foresee a situation in which FRE 415 will allow this sort of evidence in a sexual harassment case involving allegations of assault, this is not the appropriate case to establish such a precedent.

Plaintiffs Julie Nolan, Helen Webb, Patricia Stafford and Patricia Gonzalez appeal Magistrate Judge Pisano's order dated June 30, 1995 and his September 28, 1995 affirmance of that order on reconsideration, in which he granted the motion of defendant Edmond Monti ("Monti") for a protective order prohibiting disclosure or utilization of the written statement of his step-daughter Jane Doe [1], detailing alleged sexual abuse by Monti during her childhood. The Court has considered the matter on the parties' written submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will affirm Magistrate Judge Pisano's decision.

## BACKGROUND

Plaintiffs in this federal civil rights suit are six female employees of the Sheriff's Office of Hudson County, New Jersey, who allege that defendants the County of Hudson, the County Sheriff's Office and several Sheriff's Office officials sexually harassed and discriminated against them.

The four above-named plaintiffs (for purposes of this appeal, "plaintiffs") allege that Monti, in his capacity as direct supervisor of the daily operation of the Sheriff's Office, engaged in various harassing and discriminatory actions against them, e.g., that he forced

them to view him while masturbating or sexually touching himself; that he sexually touched plaintiffs' shoulders and buttocks; that he made gratuitous sexual comments regarding plaintiffs' food, clothing and appearance; and that he intimidated plaintiffs by repeatedly displaying a shotgun and stating that he would "get even with anyone he thinks hurt him." (Fourth Amended Compl. ¶¶ 180, 202, 224, 288)

Plaintiffs' counsel has obtained a written statement from Monti's stepdaughter, Jane Doe, which details allegations that Monti sexually abused her for nearly ten years beginning when she was in the fifth grade. At the time counsel obtained the statement, FRE 413–415 had been drafted but not yet formally enacted. In accordance with the new rules, however, plaintiffs' counsel notified defendants' attorneys of the statement and made its contents available to Monti's counsel. Neither plaintiffs themselves nor the other defendants or their counsel have seen the statement.

Monti immediately moved for a protective order barring further disclosure or utilization of the statement. Magistrate Judge Pisano granted the protective order on June 30, 1995, without prejudice to plaintiffs' right to revisit the issue pending final Congressional action on the proposed new rules. On July 9, 1995 FRE 413–415 became effective as drafted. Accordingly, on July 17, 1995 plaintiffs filed a motion for reconsideration of Magistrate Judge Pisano's grant of the protective order.

In an opinion filed September 28, 1995 Magistrate Judge Pisano analyzed the application of the new evidence rules to this case and affirmed his grant of a protective order prohibiting disclosure of the statement. Plaintiffs appeal that decision.

## DISCUSSION

### I. Standard of Review

■ The Federal Magistrates Act and Rule 40D of the General Rules for the District of New Jersey (the "Local Rules") pro-

---

1. The statement was submitted to the Court under seal; the Court will refer to Monti's step-

daughter by the pseudonym "Jane Doe."

vide that the Court can refer certain non-dispositive matters to the Magistrate Judge for ruling. This Court may only set aside a magistrate's judgment on a non-dispositive motion if it is clearly erroneous or contrary to law. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir.1986), *citing* 28 U.S.C. § 636(b)(1)(A), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). *See also* Fed.R.Civ.P. 72(a); Local Rule 40D(4). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. American Tel. & Tel. Co.*, 1991 WL 3304, *2 (D.N.J.), *quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ Where, as here, the magistrate has ruled on a nondispositive matter such as a discovery motion, his ruling is entitled to great deference and is reversible only for abuse of discretion. *Carey v. Foster Wheeler Corp.*, 1991 WL 10033, *3 (D.N.J.); *Environmental Tectonics Corp. v. W.S. Kirkpatrick & Co.*, 659 F.Supp. 1381, 1399 (D.N.J.1987) (citing cases), *aff'd in part, rev'd in part*, 847 F.2d 1052 (3d Cir.1988), *aff'd*, 493 U.S. 400, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990); *see also Schroeder v. Boeing Comm'l Airplane Co.*, 123 F.R.D. 166, 169 (D.N.J.1988) (magistrate has wide discretion provided opinion is based upon clearly articulated principles).

## II. General Rules Regarding Scope of Discovery

■ The discovery provisions of the Federal Rules of Civil Procedure are quite generous. Under Fed.R.Civ.P. 26(b)(1),

[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Moreover, "the question of relevancy is to be more loosely construed at the discovery stage than at trial. Therefore, it is important to distinguish the right to obtain information by discovery from the right to use it at trial." *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J.1990) (citations omitted).

■ There are, however, limitations on discovery of relevant, nonprivileged material. Under Fed.R.Civ.P. 26(c) a party may apply to the Court for "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." As the Supreme Court noted in *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979), "[w]ith this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." However, Rule 26(c) "is not a blanket authorization for the Court to prohibit disclosure of information whenever it deems advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment or abuse of the Court's processes." *Coleman v. General Elec. Co.*, 1995 WL 358089, *3 (E.D.Pa.) (citation omitted).

■ To obtain a protective order, a party "must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Id.* at *4, *quoting Cipollone*, 785 F.2d at 1121. "In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process.... [T]he court ... must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir.1994) (citations omitted).

## III. The New Evidence Rules

In support of their contention that Magistrate Judge Pisano erred in granting the protective order, plaintiffs rely on newly enacted FRE 413–415.[2] The new rules create a

---

**2.** The Court notes that of the four plaintiffs who assert claims against Monti, only Patricia Staf-

limited exception, in certain cases involving sexual assault or child molestation, to FRE 404(b)'s general bar against propensity evidence.[3]

FRE 413 permits prosecutors to proffer evidence that a criminal defendant accused of sexual assault previously committed a similar offense and allows the evidence, once admitted, to be "considered for its bearing on any matter to which it is relevant." FRE 414 applies the same rule to cases of criminal child molestation, and FRE 415 allows civil plaintiffs to proffer similar evidence in cases "in which a claim for relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation."

That the new rules create an exception to the general bar against propensity evidence is made clear not only by the provision that such evidence "may be considered for its bearing on any matter to which it is relevant," but in legislative history evincing an intent to allow the admission of evidence for propensity purposes. Representative Susan Molinari, a co-sponsor of the legislation, stated: "The past conduct of a person with a history of rape or child molestation provides evidence that he or she has the combination of aggressive and sexual impulses that motivates the commission of such crimes and lacks the inhibitions against acting on these impulses." 140 Cong.Rec. H2433 (April 19, 1994). However, although some commentators have argued that a literal interpretation of the new evidence rules would require a court to admit such evidence regardless of its probative value and without analysis under FRE 403, this Court determines that evidence proffered under the new rules must still be shown to be relevant, probative and "legally relevant" under FRE 403. *See* DOJ Mem. p. 3 (FRE 413–415 "are permissive

rules of admissibility, not mandatory rules of admission").

Although the Jane Doe statement's admissibility pursuant to the rules of evidence would not preclude the Court from enforcing a protective order against its disclosure, Magistrate Judge Pisano based his ruling in large part on his finding that the statement would likely be neither admissible nor calculated to lead to the discovery of admissible evidence. (Pisano Op. pp. 6, 10) Accordingly, this Court will begin its inquiry into the propriety of Magistrate Judge Pisano's ruling with an analysis of the new evidence rules.

FRE 415 provides, in pertinent part:

**Evidence of Similar Acts in Civil Cases Concerning Sexual Assault or Child Molestation.**

(a) In a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation, evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered as provided in Rule 413 and Rule 414 of these rules.

Under FRE 413(d), the term "offense of sexual assault" is defined as

a crime under Federal law or the law of a State ... that involved—(1) any conduct proscribed by chapter 109A of Title 18 U.S.C.; (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person; (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body; (4) deriving sexual pleasure or gratification from the infliction of

---

ford filed her action after the effective date of the new rules. A memorandum to United States Attorneys from the Department of Justice explaining the new rules states that they are to "apply to proceedings commenced on or after the effective date." Mem. to U.S. Attorneys from Dep't of Justice dated July 12, 1995, attached as Exhibit B to the Aff. of Gayle Loftis in support of Appeal, at p. 2 (hereinafter "DOJ Mem."). Because this Court will affirm Magistrate Judge Pisano's ruling on other grounds, it need not

decide whether or not the other plaintiffs may claim the benefits of these rules.

3. Rule 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

death, bodily injury, or physical pain on another person; or (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)–(4).

Plaintiffs' argument is that Magistrate Judge Pisano did not properly consider the effect of the new rules on his determination that the Jane Doe statement was unlikely to be admissible or to lead to the discovery of admissible evidence. Since Congress has determined that the proffered evidence is relevant and probative, plaintiffs argue, this Court should not preclude its discovery by means of a protective order because plaintiffs' need for it is greater than the harm which Monti might suffer through its disclosure to the participants in this litigation.

## IV. Magistrate Judge Pisano's Ruling

Magistrate Judge Pisano concluded that the new evidence rules did not warrant a modification of his earlier grant of the protective order for three reasons: (1) the statement falls outside the purview of FRE 415 because plaintiffs have not sued "for damages as a result of an offense of sexual assault" (Pisano Op. p. 7); (2) the statement is not, in any event, relevant to or probative of any issues in this case; and (3) even if the statement were relevant, it would be inadmissible under FRE 403 because its probative value would be outweighed by its potential to create unfair prejudice.

### A. Applicability of FRE 415

Evidence of prior conduct is admissible pursuant to FRE 415 only where both the prior conduct and the offense charged in the case for which the evidence is offered constituted sexual assault or child molestation. It is clear to this Court, and Magistrate Judge Pisano did not hold otherwise, that the conduct alleged in the Jane Doe statement constitutes sexual assault under FRE 413(d). Magistrate Judge Pisano found, however, that the case at bar is not "a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault." Fed.R.Ev. 415(a). Although this Court agrees with Magistrate Judge Pisano that the ordinary sexual harassment or dis-

crimination case will not justify the admission of evidence of prior sexual assaults, in this case plaintiffs have alleged assaultive behavior rather than mere verbal abuse or discriminatory treatment. Accordingly, evidence of prior similar assaultive behavior may fall within the purview of FRE 415.

Among other things, plaintiff Patricia Stafford alleges that Monti intentionally sexually touched her shoulders, breasts and buttocks and that he threatened anyone who might try to harm him by displaying a shotgun. Under 18 U.S.C. § 2246(3), the intentional touching, either directly or through the clothing, of the breast or buttocks of another person "with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" constitutes "sexual contact," which is a crime under 18 U.S.C. §. 2244(a)(1) where it is accomplished through force or fear. See 18 U.S.C. 2241(a). Accordingly, plaintiffs have alleged that Monti committed conduct constituting "a crime under Federal law ... that involved—(1) any conduct proscribed by chapter 109A of Title 18 U.S.C." within the purview of FRE 415.

Thus, both the conduct alleged in the case at bar and the conduct alleged in the Jane Doe statement constitute "sexual assault" for purposes of FRE 415. Accordingly, subject to the requirements of relevance and sufficient probity to outweigh unfair prejudice to the defendant, the Jane Doe statement is potentially admissible at trial.

### B. Relevance and Probative Value

As noted above, the fact that an item of proffered evidence fits into FRE 415 does not *ipso facto* make the evidence relevant or probative of an issue in the case. Plaintiffs argue that the evidence is relevant and probative, not only regarding Monti's propensity to commit sexual assaults, but as to several other issues.

The first is Monti's motive or intent. Plaintiffs argue that Monti is likely to assert that the alleged assaults were accidental, or that he otherwise lacked the requisite intent to assault or harass plaintiffs, and that evidence that he committed similar offenses in the past could be their most effective means

of undermining such a claim. They point out that, even before the effective date of the new evidence rules, courts have allowed such evidence to counteract the problem that arises frequently in sexual cases when an absence of witnesses reduces the case to a "swearing contest" between the defendant and the alleged victim.

In *United States v. Hadley*, 918 F.2d 848 (9th Cir.1990), for example, the Court allowed evidence of a criminal child sexual molestation defendant's prior uncharged acts of child sexual molestation even though they had allegedly occurred ten years prior to the events for which he had been indicted. The Court relied on the similarity of the acts—in both cases, the defendant had allegedly isolated student victims and performed acts of sexual gratification upon them, often including anal intercourse—in allowing the evidence only for the purpose of proving intent. *Id.* at 851.

Here, although some of the specific acts of which plaintiffs accuse Monti are similar to the acts Jane Doe has alleged, and further discovery might reveal other similarities, the fact that plaintiffs are adults whereas Jane Doe was a child when the alleged events occurred differentiates the two situations, especially in the context of the intent inquiry. Combined with the passage of time between the two sets of events, this makes the Jane Doe statement less probative than the evidence allowed in *Hadley*.

Another issue for which plaintiffs urge the Court to admit the Jane Doe statement is Monti's superiors' awareness of his conduct—an essential element of plaintiffs' civil rights claims. Plaintiff Julie Nolan alleges that one of the defendant's responses to her complaints about Monti was that Monti "had done worse." Plaintiffs argue that this indicates that at least one of Monti's superiors was aware of his prior conduct and yet ignored plaintiffs' complaints. Even if this is a logical conclusion, it does not justify allowing discovery or admission of the Jane Doe statement. Plaintiffs are free to question defendants, or anyone else, regarding their knowledge of Monti's prior actions. The Court fails to see how the Jane Doe statement would be helpful, much less essential, in proving Monti's co-defendants' awareness of his offenses against them.

■ Under FRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." As the Third Circuit recently stated, "It follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant." *Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir.1994) (quotations omitted). Under this broad standard, the Court finds that the Jane Doe statement is relevant on the subject of Monti's propensity to commit sexual assaults, and that it may become relevant to refute Monti's claim that he lacked the requisite intent to assault plaintiffs. The evidence also has some—though by no means overwhelming—probative value on these issues. Although the alleged offenses are not highly similar, and the time lag between them is ten years, a fact-finder could reasonably rely in part on the Jane Doe statement to determine the likelihood that Monti assaulted plaintiffs.

## C. FRE 403 Analysis

This Court agrees with Magistrate Judge Pisano, however, that it is extremely unlikely that this case will ever reach a stage at which the Jane Doe statement could pass the FRE 403 balancing test. As set forth above, the statement's probative value is slight. Moreover, the fact that four plaintiffs in this case have leveled similar accusations against Monti reduces the relative weight that even this slight probative value might have.

■ This low degree of probative value stacks up weakly against the statement's large potential for unfair prejudice. The advisory committee notes to FRE 403 define unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Child sexual abuse deservedly carries a unique stigma in our society; such highly prejudicial evidence should therefore carry a

very high degree of probative value if it is to be admitted. Here, however, probative value is minimal, while the potential for prejudice is great.

## V. Propriety of the Protective Order

As set forth above, in evaluating a request for a protective order a court is to balance the movant's showing of potential injury from uncontrolled disclosure of the proffered evidence against the non-movant's need for the evidence. Here, the harmfulness to Monti of disclosure of the Jane Doe statement is obvious. Monti's co-defendants include his supervisors and employer. And the potential for unfair prejudice if the evidence were admitted at trial is great. The purpose of the evidence rules' general prohibition against propensity evidence is to address the danger that a jury might convict the defendant not for the offense charged but for the extrinsic offense presented. As Justice Brennan once noted, "This danger is particularly great where ... the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged." *Dowling v. United States,* 493 U.S. 342, 361–62, 110 S.Ct. 668, 679, 107 L.Ed.2d 708 (1990) (Brennan, J., dissenting).

Plaintiffs' showing of need for the statement, on the other hand, is not strong. First, as the above analysis shows, it is unlikely that the statement will be admissible even under the new evidence rules; and plaintiffs have not set forth a convincing theory of how the statement could lead to the discovery of admissible evidence.

More importantly, this is not the classic sort of case for which FRE 415 was enacted. The drafters of the legislation justified their sharp departure from the ordinary presumption against propensity evidence largely because of the inherent difficulties of proving sexual offenses where the trial devolves into a swearing contest between defendant and alleged victim because there are no other witnesses. FRE 415 was designed in large part to help the victims of sexual assault prevail in such swearing contests by allowing them to rebut de-

fendants' arguments of consent or lack of intent with evidence that they have been accused before.

Here, by contrast, each plaintiff's claims are supported by the allegations of at least the other five. Moreover, since the alleged conduct took place in an office setting, it is likely that plaintiffs will be able to locate additional witnesses to the alleged conduct. Accordingly, their need for the statement of an alleged victim of Monti's sexual offenses at least ten years ago is slight compared with the harm that disclosure of the statement would certainly work upon Monti.

## CONCLUSION

For the foregoing reasons, this Court will affirm the decision of Magistrate Judge Pisano granting the motion of defendant Edmond Monti for a protective order barring disclosure or utilization of the statement of Jane Doe.