**Lori Goolsby CLEVELAND, Plaintiff,**

v.

**KFC NATIONAL MANAGEMENT COMPANY, d/b/a KFC, Defendant.**

**Civil Action No. 1:94–CV–1971–WLH.**

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 29, 1996.

---

Joseph C. Nelson, III, Nelson & Hill, Athens, GA, Michael G. Kam, Kam & Ebersbach, Newnan, GA, for Lori Goolsby Cleveland.

Robert Carl Cannon, Rosemary C. Lumpkins, Constangy Brooks & Smith, Atlanta, GA, Vicki J. Larson, Anthony Herman, Covington & Burling, Washington, DC, pro hac

vice, for KFC National Management Company.

## MAGISTRATE JUDGE'S ORDER

HARPER, United States Magistrate Judge.

Defendant has moved, under seal, that plaintiff be precluded from entering any evidence or allegations of prior sexual misconduct perpetrated by plaintiff's former manager, Ghassam Hamadany. Defendant claims that under Fed.R.Evid. 403, the prejudice of such evidence substantially outweighs any probative value to the jury. Defendant also claims that the still-new Rule 415 does not apply to the facts and cannot provide for admission here. While defendant is mistaken, the undersigned still ORDERS that the motion be GRANTED IN PART and DENIED IN PART.

Effective in 1995, Fed.R.Evid. 415 as it is currently worded has been under consideration by Congress since 1991. It is part of a packet of new rules that materially impacts the admissibility of prior sexual acts for victims and defendants in sexual assault or harassment cases. Though mainly focusing on criminal conduct, Rule 415 provides a vehicle for such evidence to be admitted in a civil case.

Rule 415 reads as follows:

(a) In a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation, evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered as provided in Rule 413 and Rule 414 of these rules.

(b) A party who intends to offer evidence under this Rule shall disclose the evidence to the party against whom it will be offered, including statements of witnesses or a summary· of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.

Fed.R.Evid. 415.

In this case, there are ample allegations of sexual harassment that includes the touching of plaintiff's body in a overt sexual manner. If plaintiff wants to enter evidence of past sexual misconduct, it would corroborate her story and thus be probative. However, as defendant points out, Mr. Ghassam Hamadany is not a party—the employer is. This raises a question unanswered in this or any Circuit: does the rule of respondeat superior inherent in Title VII cases apply to Fed.R.Evid. 415? After a review of the legislative history, the one other case that has interpreted this provision, and a fair reading of the Rule's language the undersigned is convinced that to accept defendant's argument would put employees who are the victims of sexual misconduct on a disparate ground from other victims of sexual misconduct. Congress could not have intended such a consequence.

1. *RULE 415 IS DESIGNED TO ADMIT CHARACTER EVIDENCE OF THE OFFENDER—ALLOWING THE VICTIM TO BOLSTER THE CREDIBILITY OF HER STORY*

■ In 1991, the package of new rules was initially introduced within the *Woman's Equal Opportunity· Act of 1991*, S. 472, 102d Cong., 1st Sess. (1991). They remained proposals until adopted in the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, 108 Stat. 2137 (1994). However, the most detailed legislative· discussion of these proposals took place in 1991, and provides valuable insight into the purposes of the new evidentiary rules.

Prior to the passage of Rules 412–415, a sexual offender could avoid character evidence from seeing the light of day—including past sexual misconduct. With the plaintiff or prosecutor unable to present a background tapestry of these similar acts, a defendant could claim consent or dispute the accusations of the victim with little worry that past acts would haunt him. The new evidentiary rules were specifically adopted to prevent

such a lopsided swearing contest of plausibility and credibility.

One major effect of the new rules is to dispel an image that the victim's story is improbable. As the Congressional Record reveals:

> Another ground for consideration is probability. For example, consider a rape case in which the defense attacks the victim's assertion that she did not consent, or represents that the whole incident was made up by the victim. If there is conclusive evidence that the defendant has previously engaged in similar acts—such as a prior conviction of the defendant for rape—then the defense's claim of consent or fabrication would normally amount to a contention that the victim made up a false charge of rape against a person who just happened to be a rapist. The inherent improbability of such a coincidence gives similar crimes evidence a high degree of probative value, and supports its admission in such a case.

137 Cong.Rec. S4925, 4928 (daily ed. April 24, 1991); see also, 137 Cong.Rec. S3191, 3240 (daily ed. March 13, 1991).

■ Thus, under Rule 415, evidence of past misconduct that supports plaintiff's story should be admitted. For this purpose, congressional debate has accorded such evidence great probative weight. However, under the vagaries of Title VII law plaintiff does not have to simply prove that she was the victim of offensive sexual contact. As there is no individual liability under Title VII, the sole defendant is the employer, KFC. In order to assert full liability, she must prove that the offensive behavior occurred and that the employer "knew or should have known" of the harassment yet failed to take prompt remedial action. *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir.1982). *See also, Steele v. Offshore Shipbuilding*, 867 F.2d 1311, 1316 (11th Cir. 1989); *Vance v. Southern Bell Tel. and Tel. Co.*, 863 F.2d 1503, 1512 (11th Cir.1989). *See also, Hirase–Doi v. U.S. W. Communications*, 61 F.3d 777, 784 (10th Cir.1995) (finding constructive knowledge as arising from knowledge of harasser's conduct toward other employees "that is similar in nature and near in time" to the harassment of plaintiff).

### 2. TITLE VII DOES NOT PERMIT INDIVIDUAL LIABILITY; THE SWEARING CONTEST THAT CONGRESS INTENDED TO PREVENT WOULD OCCUR IF KFC COULD AVOID RULE 415

■ Persons such as supervisors and co-employees who do not otherwise qualify as employers may not be held individually liable for violations of Title VII, the ADEA, or the ADA. *See, e.g., Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995); *Smith v. Lomax*, 45 F.3d 402, 404 n. 4 (11th Cir.1995); *Simon v. Morehouse Sch. of Medicine*, 908 F.Supp. 959, 963 n. 2 (N.D.Ga.1995); *Clark v. City of Macon*, 860 F.Supp. 1545, 1550 (M.D.Ga. 1994). *See also, Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995); *EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1280–81 (7th Cir.1995) (ADA); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994) (ADEA); *Grant v. Lone Star Co.*, 21 F.3d 649, 651–52 (5th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Prescott v. Indep. Life & Accident Ins. Co.*, 878 F.Supp. 1545, 1551 (M.D.Ala.1995). The use of the term "agents" in the definition of employer in these statutes is merely "an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Birkbeck*, 30 F.3d at 510. *See also, Conley v. Bostic*, 1993 U.S. Dist. LEXIS 20260 at *38–39, 1993 WL 741854 at *12 (N.D.Ga.1993).

Some courts allow suit against an individual in his official or representative capacity only, which results in only the employing business, rather than the individual, facing liability. *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1520 n. 3 (11th Cir.1995); *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir.1993); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991). *See also, Garrett v. Clarke Cty. Bd. of Educ.*, 857 F.Supp. 949, 952 (S.D.Ala.1994) (holding that this interpretation is unaffected by the

passage of the Civil Rights Act of 1991); *Saville v. Houston Cty. Healthcare Auth.,* 852 F.Supp. 1512, 1523 (M.D.Ala.1994) (same). Where the employer has been sued directly, however, the naming of individual employees in their official capacity is unnecessary and duplicative. *See, e.g., Lynn v. United Technologies Corp.,* 916 F.Supp. 1217, 1219 (M.D.Ala.1996); *Redpath v. City of Overland Park,* 857 F.Supp. 1448, 1456 (D.Kan. 1994). Had plaintiff sued Hamadany under Title VII along with KFC, the resulting scheme of liability would be the same and Rule 415 would clearly apply. However, since Hamadany cannot face individual Title VII liability, the mere fact that he is not represented in this action cannot shield the employer from the valid, supportive evidence of his prior acts.

3. *PLAINTIFF WILL HAVE TO PROVE THAT KFC KNEW OF THE MISCONDUCT; EVIDENCE THAT CAME TO KFC'S ATTENTION AFTER PLAINTIFF'S EMPLOYMENT ENDED IS NOT PROBATIVE ENOUGH TO OVERCOME THE RESULTING PREJUDICE*

 As part of the sealed motion, defendant submitted a letter with affidavits that would be very inflammatory to defendant if introduced before a jury. ("PX–42"). While supportive of plaintiff's version of events, it goes far beyond supportive evidence and describes other, unrelated events that would unfairly prejudice defendant. Since it was sent to defendant after plaintiff's employment ended, it does not show that defendant knew of its supervisor's misconduct. Since exhibit PX–42 lacks that element of probative value, and introduces an inflammatory, prejudicial, and unrelated topic, it will not be allowed in.

 Since Rule 403 operates in concert with Rule 415, it is proper for the undersigned to weigh the probative value against the prejudiciality of evidence that would otherwise be admissible under Rule 415. *See, Frank v. County of Hudson,* 924 F.Supp. 620, 626 (D.N.J.1996) (Preventing past crimes evidence of child abuse from entering into a Title VII sexual harassment suit, since the evidence was too prejudicial despite Rule 415's passage).

However, other evidence of past misconduct may have reached the ears of plaintiff's employer before her alleged constructive discharge. Even though defendant claims that, as a corporation it was not the "party" who allegedly committed the sexually offensive touching or the past sexual misconduct, the undersigned holds that if Rule 415 is to act a civil equivalent to Rule 413 and 414, Title VII's sexual harassment law must have been contemplated as one arena in which Rule 415 would need to be effective. To allow defendant corporation to shield itself from character evidence and disadvantage the victims of corporate sexual misconduct would be to emasculate the force of Rule 415.

Thus, defendant KFC is to be considered a "party" under Rule 415 since Title VII prohibits liability from attaching to the actual "party." As part of this analysis, however, Rule 415 is tempered by Rule 403: evidence of defendant's agent's misconduct must be both probative in that it proves corporate knowledge of similar misconduct and it must corroborate plaintiff's story; otherwise, the prejudicial effect on the jury is not substantially outweighed.

In accordance with this new evidentiary rule, if plaintiff intends to introduce evidence of past misconduct of Mr. Hamadany, she must follow the procedures detailed in Fed. R.Evid. 415(b). Any evidence so tendered must satisfy both Rule 415 and Rule 403, as discussed above. The parties are advised that a stipulation of facts could avoid a lengthy evidentiary battle.

IT IS SO ORDERED.