United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3833

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Stuart Lee Sumner, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 1997

Filed: July 10, 1997

_____

Before WOLLMAN and BEAM, Circuit Judges, and LAUGHREY,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Stuart Lee Sumner appeals his convictions for aggravated sexual abuse and abusive sexual contact, violations of 18 U.S.C. §§ 2241(c) & 2244(a)(1) . We reverse and remand for new trial.

_____

[1]The HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

## I.

Sumner was charged with touching the genitals of the victim, D.D., on two occasions and with once having her touch his genitals. At the time of the alleged incidents, Sumner was living with D.D.'s mother on the Red Lake Indian Reservation in Minnesota. The jury found Sumner guilty on all three counts, and the district court sentenced him to 210 months' imprisonment.

Sumner argues that the district court erred in admitting evidence regarding two prior incidents in which he sexually assaulted girls under the age of fourteen, one of which involved uncharged conduct and one for which he was convicted. Sumner also argues that the district court erred in not allowing the defense access to D.D. for the purpose of conducting an independent psychological examination, in failing to conduct a pretrial competency hearing to determine if D.D. could testify in open court, and in failing to appoint a guardian ad litem for D.D.

## II.

## A.

The district court admitted the evidence of Sumner's prior bad acts under Federal Rule of Evidence 404(b), a decision which we review for abuse of discretion. See United States v. LeCompte, 99 F.3d 274, 277 (8th Cir. 1996). Under Rule 404(b), evidence of prior bad acts is not admissible "solely to prove the defendant's criminal disposition," United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995), but is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "To be admissible as Rule 404(b) evidence, the evidence must be '(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.'"

Shoffner, 71 F.3d at 1432 (quoting United States v. Jones, 990 F.2d 1047, 1050 (8th Cir. 1993)).  Sumner argues that the evidence of the two prior bad acts was erroneously admitted because it was not relevant to a material issue in the case.  We agree.

The government's primary contention is that the evidence was relevant to show intent, in particular the intent element required by the statute.  See 18 U.S.C. § 2246(2)(D).  Intent is at issue when a defendant relies on a general denial defense and forces the government to prove every element of the crime charged.  See United States v. Yellow, 18 F.3d 1438, 1441 (8th Cir. 1994).  Intent is not at issue, however, "when the defendant specifically denies only the criminal act."  See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995);  United States v. Jenkins, 7 F.3d 803, 807 (8th Cir. 1993).  If the defendant decides with "sufficient clarity" to mount a defense that consists "solely of a denial of the criminal act rather than a denial of the criminal intent," Rule 404(b) evidence on the issue of intent is not admissible.  See Thomas, 58 F.3d at 1321-22.  "Sufficient clarity" requires a "clear and unequivocal" decision by the defendant that there will be "a complete lack of dispute" as to the intent element, which the defendant may indicate either by stipulating to the intent element or by carefully limiting his defense so as to introduce no evidence nor make any arguments regarding mental state.  See id. at 1322-23.

Sumner met these stringent requirements in this case.  His defense was not merely a general denial defense but rather a specific denial that the alleged acts of abuse against D.D. ever occurred.  He did not introduce any evidence regarding intent, and both his opening statement and closing argument reflected his theory that the acts simply did not occur.  Furthermore, Sumner offered to stipulate to the intent element, provided that the testimony regarding the two prior incidents would not be introduced.  The government argues, however, that Sumner's answers to three of his counsel's questions on direct examination placed intent at issue.  We disagree.  We have examined the questions at issue and conclude that the purpose of the questions was to further the theme of Sumner's defense by eliciting a denial from Sumner that the three

incidents in question ever occurred. The questions did not cross the fine line discussed in <u>Thomas</u>. Furthermore, the government's cross-examination did not put intent at issue, and in response to specific government questions on cross-examination, Sumner again denied that the alleged incidents occurred.[2]

We also conclude that the district court erred in admitting the evidence on the other Rule 404(b) bases it listed. This case is virtually indistinguishable from <u>LeCompte</u>. Sumner's identity was not at issue. Rather, the issue was whether the alleged abuse occurred at all. <u>Cf.</u> <u>LeCompte</u>, 99 F.3d at 278. Motive, accident, and mistake were not at issue, because if the acts of abuse against D.D. occurred, there can be little doubt regarding Sumner's motive and the criminality of the acts. <u>Cf.</u> <u>id.</u> at 279. Sumner's prior abuse of the two other children is not sufficiently similar to his alleged abuse of D.D. to be relevant for showing opportunity, planning, or preparation. <u>See</u> <u>id.</u> at 277-78. The evidence therefore does no more than show that Sumner has "a propensity to commit crimes, which Rule 404(b) prohibits." <u>See</u> <u>id.</u> at 278.

Sumner was prejudiced because of the inflammatory nature of the evidence and the overall weakness of the government's case. There was a question whether the acts of abuse had even occurred, the victim did not testify, there was some evidence of the victim's recantation, and the defense raised allegations of coaching and improper interviewing techniques. Accordingly, we cannot say that the error in admitting the evidence was harmless. <u>Cf.</u> <u>LeCompte</u>, 99 F.3d at 279 (not harmless error where evidence was "by no means overwhelming," victim's credibility crucial, and testimony in record contradicted the victim's testimony).

---

[2]Moreover, we believe that intent could not be a serious issue in the minds of the jury, for if Sumner actually performed the alleged acts against D.D. his criminal sexual intent could not be seriously questioned. <u>See</u> <u>LeCompte</u>, 99 F.3d at 279 (had jury believed victim's testimony as to defendant's conduct, it could not doubt that defendant intended criminal sexual contact).

**B.**

The government urges affirmance on the ground that the evidence of Sumner's two other offenses should have been admitted under Federal Rule of Evidence 414. See United States v. Snook, 88 F.3d 605, 608 (8th Cir. 1996) (court may affirm on any basis supported by the record). Federal Rules of Evidence 413, 414, and 415 were enacted as companion rules by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320935, 108 Stat. 1796, 2135-37 (1994). See 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure §§ 5411 & 5411A (Supp. 1997) (discussion of legislative history). In relevant part, Rule 414 provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Rule 413 applies in a criminal case in which the defendant is accused of sexual assault and provides that evidence that the defendant has committed "another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413(a). Rule 415 makes Rules 413 and 414 applicable to civil cases. See Fed. R. Evid. 415(a).

The district court denied the government's proffer under Rule 414, stating that the rule is unconstitutional because it allows "any kind of evidence to show propensity" without allowing for the application of the Rule 403 balancing test. The court stated that it would have to read Rule 403 into Rule 414 in order to provide a balancing test, which it believed was contrary to Congress's intent.

The government takes the position that the Rule 403 balancing test applies to evidence admitted pursuant to Rule 414. We agree. Rule 414 states that evidence of other offenses "is admissible." This same language is used in Federal Rule of Evidence 402, ("[a]ll relevant evidence is admissible") and is similar to the language used in Rule

404(b) ("may . . . be admissible"). Evidence admitted under both of these rules is subject to Rule 403. See Fed. R. Evid. 402 ("except as otherwise provided . . . by these rules"); Fed. R. Evid. 403 ("Although relevant, evidence may be excluded"); Huddleston v. United States, 485 U.S. 681, 691 (1988) (evidence admitted pursuant to Rule 404(b) subject to Rule 403 analysis). It is logical that Rule 403 applies to Rule 414 as well, and nothing in the language of Rule 414 precludes the application of Rule 403. Cf. Fed. R. Evid. 609(a)(2) (evidence of witness's conviction for crime of dishonesty or false statement "shall be admitted"); Jones v. Board of Police Comm'rs, 844 F.2d 500, 505 (8th Cir. 1988) (no balancing test for convictions admitted under Rule 609(a)(2)).

The Second Circuit recently held that a Rule 403 analysis of evidence offered under Rule 414 is consistent with Congress's intent in enacting Rule 414. See United States v. Larson, 112 F.3d 600 (2d Cir. 1997). As recounted in Larson, 112 F.3d at 604, legislative history reveals the intent that Rule 403 should apply to the admission of evidence under Rule 414. The principal congressional sponsors made identical statements regarding proposed Rules 413-415: "In other respects, the general standards of the rules of evidence will continue to apply, including the restrictions on hearsay evidence and the court's authority under Evidence Rule 403 to exclude evidence whose probative value is substantially outweighed by its prejudicial effect." 140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (Statement of Rep. Molinari); 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (Statement of Sen. Dole). The sponsors' statements about the congressional presumption favoring admissibility is further evidence that the applicability of the Rule 403 balancing test was intended:

> The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. The presumption is in favor of admission. The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its

probative value is normally not outweighed by any risk of prejudice or other adverse effects.

140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (Statement of Rep. Molinari); see 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (Statement of Sen. Dole). See also Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 2.08, Committee Comments (1996) ("It is the opinion of the Committee that, in an appropriate case, evidence otherwise admissible under Rules 413 and 414 may be excluded under Rule 403 if the danger of unfair prejudice or confusion of the issues substantially outweighs the probative value of the evidence . . . .").[3]

We decline to uphold the admission of the challenged evidence on the theory that it was admissible under Rule 414, for we believe that it is for the district court to conduct the Rule 403 balancing test in the first instance, which it will do if the government chooses to offer the evidence under Rule 414 on retrial.[4]

---

[3]Three district courts have concluded that the Rule 403 balancing test applies to Rule 413 and 415. See United States v. Guardia, 955 F. Supp. 115, 117 (D.N.M. 1997) (Rule 413); Cleveland v. KFC Nat'l Management Co., 948 F. Supp. 62, 66 (N.D. Ga. 1996) (Rule 415); Frank v. County of Hudson, 924 F. Supp. 620, 624 ( D.N.J. 1996) (Rule 415). See also 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5417 at 317-18 & § 5417A (Supp. 1997) (suggesting that Rule 413 "does not alter the power of courts to exclude the evidence where on the facts of the case this is justifiable under Rule 403").

[4]In light of the sole basis asserted by the district court for declaring Rule 414 unconstitutional, we decline to reach Sumner's additional argument that evidence admitted under Rule 414 after a Rule 403 analysis would violate his due process and equal protection rights.

## III.

Because they are likely to recur, we briefly address the other issues raised by Sumner.

Prior to trial, Sumner moved for independent medical and psychological examinations of D.D. by defense experts. The district court denied Sumner's motion, concluding that Sumner's due process and Confrontation Clause rights would not be violated by the lack of an examination. The court noted that the only compelling need Sumner identified was that the government's experts might opine on ultimate legal issues such as whether the abuse occurred and whether the child witness was truthful. Because the witnesses were not permitted to testify as to these issues, and because Sumner would have the opportunity at trial to cross-examine the government's experts and the victim, the court concluded that Sumner had not shown sufficient need for an examination.

We review for abuse of discretion a district court's denial of a motion to compel the examination of a child victim. See United States v. Rouse, 111 F.3d 561, 568 (8th Cir. 1997). In Rouse, we stated that in those cases in which the custodian of the child opposes defense access to the child, the "defendant must show that denial of access would likely result in an absence of 'fundamental fairness essential to the very concept of justice' before the trial court need reach the question whether some type of access may appropriately be ordered." Id. at 568 (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982)).

The only justification for an examination of D.D. that Sumner advanced before the district court was his fear of what the government's experts' testimony might be. Because the government's experts were not permitted to testify regarding whether the abuse occurred or whether D.D. was truthful, Sumner could not rely upon this basis to make his threshold showing of need. See United States v. Whitted, 11 F.3d 782, 785-

-8-

86 (8th Cir. 1993) (expert cannot give opinion as to whether sexual abuse has occurred nor pass judgment on alleged victim's truthfulness). Accordingly, the district court did not abuse its discretion in denying the motion.[5]

Sumner also argues that the district court erred in denying his motions for a competency hearing and for the appointment of a guardian ad litem for D.D. We conclude that the district court did not err in denying Sumner's motion for a competency hearing. See United States v. Spotted War Bonnet, 882 F.2d 1360, 1362 (8th Cir. 1989) (subsequent history omitted). Sumner's only asserted basis of incompetence was D.D.'s age, and the examining psychologist's findings show that D.D. met the standards for competency. See 18 U.S.C. § 3509(c)(4); Spotted War Bonnet, 882 F.2d at 1363. We also conclude that the district court did not abuse its discretion in refusing to appoint a guardian ad litem for D.D. pursuant to 18 U.S.C. § 3509(h).

The judgment of conviction is reversed, and the case is remanded for a new trial.

---

[5]The parties' arguments on appeal are clouded by their inclusion of events that occurred after the district court denied Sumner's pretrial motion. Because Sumner did not renew his motion, we can examine the district court's denial only in light of the record as it existed at the time of the court's ruling. We need not address the justifications Sumner raises for the first time on appeal. See United States v. Baker, 98 F.3d 330, 337 (8th Cir. 1996) (failure to raise an issue in the district court constitutes waiver), cert. denied, 117 S. Ct. 1456 (1997). Whether these subsequent events, or any others that may occur, might form the basis of a renewed motion is a matter that should be addressed, if necessary, on retrial.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.