119 F.3d 658
 47 Fed. R. Evid. Serv. 548
 UNITED STATES of America, Appellee,
v.
Stuart Lee SUMNER, Appellant.
 No. 96-3833.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 11, 1997.
Decided July 10, 1997.
 
 1
 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (Statement of Rep. Molinari); see 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (Statement of Sen. Dole). See also Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 2.08, Committee Comments (1996) ("It is the opinion of the Committee that, in an appropriate case, evidence otherwise admissible under Rules 413 and 414 may be excluded under Rule 403 if the danger of unfair prejudice or confusion of the issues substantially outweighs the probative value of the evidence....").[3]
 
 
 2
 We decline to uphold the admission of the challenged evidence on the theory that it was admissible under Rule 414, for we believe that it is for the district court to conduct the Rule 403 balancing test in the first instance, which it will do if the government chooses to offer the evidence under Rule 414 on retrial.[4]
 
 III.
 
 3
 Because they are likely to recur, we briefly address the other issues raised by Sumner.
 
 
 4
 Prior to trial, Sumner moved for independent medical and psychological examinations of D.D. by defense experts. The district court denied Sumner's motion, concluding that Sumner's due process and Confrontation Clause rights would not be violated by the lack of an examination. The court noted that the only compelling need Sumner identified was that the government's experts might opine on ultimate legal issues such as whether the abuse occurred and whether the child witness was truthful. Because the witnesses were not permitted to testify as to these issues, and because Sumner would have the opportunity at trial to cross-examine the government's experts and the victim, the court concluded that Sumner had not shown sufficient need for an examination.
 
 
 5
 We review for abuse of discretion a district court's denial of a motion to compel the examination of a child victim. See United States v. Rouse, 111 F.3d 561, 568 (8th Cir.1997). In Rouse, we stated that in those cases in which the custodian of the child opposes defense access to the child, the "defendant must show that denial of access would likely result in an absence of 'fundamental fairness essential to the very concept of justice' before the trial court need reach the question whether some type of access may appropriately be ordered." Id. at 568 (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 872, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982)).
 
 
 6
 The only justification for an examination of D.D. that Sumner advanced before the district court was his fear of what the government's experts' testimony might be. Because the government's experts were not permitted to testify regarding whether the abuse occurred or whether D.D. was truthful, Sumner could not rely upon this basis to make his threshold showing of need. See United States v. Whitted, 11 F.3d 782, 785-86 (8th Cir. 1993) (expert cannot give opinion as to whether sexual abuse has occurred nor pass judgment on alleged victim's truthfulness). Accordingly, the district court did not abuse its discretion in denying the motion.[5]
 
 
 7
 Sumner also argues that the district court erred in denying his motions for a competency hearing and for the appointment of a guardian ad litem for D.D. We conclude that the district court did not err in denying Sumner's motion for a competency hearing. See United States v. Spotted War Bonnet, 882 F.2d 1360, 1362 (8th Cir.1989) (subsequent history omitted). Sumner's only asserted basis of incompetence was D.D.'s age, and the examining psychologist's findings show that D.D. met the standards for competency. See 18 U.S.C. § 3509(c)(4); Spotted War Bonnet, 882 F.2d at 1363. We also conclude that the district court did not abuse its discretion in refusing to appoint a guardian ad litem for D.D. pursuant to 18 U.S.C. § 3509(h).
 
 
 8
 The judgment of conviction is reversed, and the case is remanded for a new trial.
 
 
 
 [1]
 The HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation
 
 
 [2]
 Moreover, we believe that intent could not be a serious issue in the minds of the jury, for if Sumner actually performed the alleged acts against D.D. his criminal sexual intent could not be seriously questioned. See LeCompte, 99 F.3d at 279 (had jury believed victim's testimony as to defendant's conduct, it could not doubt that defendant intended criminal sexual contact)
 
 
 [3]
 Three district courts have concluded that the Rule 403 balancing test applies to Rule 413 and 415. See United States v. Guardia, 955 F.Supp. 115, 117 (D.N.M.1997) (Rule 413); Cleveland v. KFC Nat'l Management Co., 948 F.Supp. 62, 66 (N.D.Ga.1996) (Rule 415); Frank v. County of Hudson, 924 F.Supp. 620, 624 ( D.N.J.1996) (Rule 415). See also 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5417 at 317-18 & § 5417A (Supp.1997) (suggesting that Rule 413 "does not alter the power of courts to exclude the evidence where on the facts of the case this is justifiable under Rule 403")
 
 
 [4]
 In light of the sole basis asserted by the district court for declaring Rule 414 unconstitutional, we decline to reach Sumner's additional argument that evidence admitted under Rule 414 after a Rule 403 analysis would violate his due process and equal protection rights
 
 
 [5]
 The parties' arguments on appeal are clouded by their inclusion of events that occurred after the district court denied Sumner's pretrial motion. Because Sumner did not renew his motion, we can examine the district court's denial only in light of the record as it existed at the time of the court's ruling. We need not address the justifications Sumner raises for the first time on appeal. See United States v. Baker, 98 F.3d 330, 337 (8th Cir.1996) (failure to raise an issue in the district court constitutes waiver), cert. denied, --- U.S. ----, 117 S.Ct. 1456, 137 L.Ed.2d 561 (1997). Whether these subsequent events, or any others that may occur, might form the basis of a renewed motion is a matter that should be addressed, if necessary, on retrial